No. 14,122.

STATE OF LOUISIANA VS. JACOB JACKSON, ALIAS SHAMP.

106  413
124  618

### SYLLABUS.

1. A former trial cannot be made the basis of a plea of once in jeopardy when it was had before the judge instead of before the jury, in a case in which, under the Constitution, the prisoner could not waive trial by jury.

2. The affidavit on which the defendant was arrested on the charge on which he is being tried is inadmissible in evidence against him; and since such affidavit is a sworn declaration of the defendant's having committed the crime for which he is on trial, and is therefore of a nature to make an impression on the minds of the jury, its admission in evidence is reversible error.

3. Whether such affidavit is ever admissible, it is certainly not so to prove that a certain witness had not made it, when the fact of the said witness not having made the affidavit has already been established by the witness, and is, besides, not material to the issue.

A PPEAL from the Nineteenth Judicial District, Parish of St. Martin.—*Foster, J.*

*Walter Guion,* Attorney General, and *Anthony N. Muller,* District Attorney (*Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*Edward Simon,* for Defendant, Appellant.

The opinion of the court was delivered by

PROVOSTY, J. A first conviction of defendant having been set aside on the ground that the trial had been before the judge, when the case was one in which, under the Constitution, jury could not be waived; and the defendant having been brought to trial a second time, he pleaded once in jeopardy, basing himself on the first trial. It is very plain that since the first trial could not possibly have resulted in a

legal conviction, the defendant was not by it put in jeopardy. For jeopardy to exist the court must be competent to try the case. Am. & Eng. Ency. of L. *Vo.* Jeopardy.

The court admitted in evidence the affidavit on which the defendant had been arrested. This was error—affidavits are not legal evidence in criminal cases, no more than is hearsay; and the error is reversible error, since the affidavit was a sworn declaration of the defendant's having committed the crime for which he was on trial and, therefore, may have influenced the jury.

In explaining why he admitted the evidence, the judge says that the defendant's counsel had asked a witness in a "peremptory and assuming manner" the question: "Why did you make this affidavit against the accused?" That the question had been asked in this manner in order to create upon the minds of the jury the impression that the witness was prejudiced against the accused, and that the affidavit was admitted for the purpose of showing that the witness had not made it; thereby to counteract the effect sought to be produced on the jury. The witness had testified that he had not made the affidavit. Therefore there was no necessity for introducing the affidavit to prove that fact; and if in any case an affidavit may be admitted to prove *rem ipsam,* of who made or did not make it, this is not such a case.

That the evidence was introduced for a stated purpose, not on the question of the guilt or innocence of the prisoner, does not cure the situation. After evidence is in for a stated purpose, there can be no guaranty that the jury will not consider it for other purposes. It has been held that the admission of improper evidence cannot be cured by the judge's giving instructions to the jury that they are to disregard such evidence. Rice Crim. Ev., p. 415.

It is therefore ordered, adjudged and decreed, that the verdict and sentence herein be set aside and that the case be remanded to be proceeded with according to law.