*125
 
 O’NIELL, C. J.
 

 Appellants were prosecuted for the murder of a deputy sheriff, and were found guilty of manslaughter.
 

 The deputy sheriff, with an assistant named Reeder, was attempting to arrest the three defendants on the belief that they were transporting intoxicating liquor, or was attempting to search the automobile in which they and Poley Friday, a brother of the defendant, Len Friday, were riding, at the time of the killing. Len Friday shot and killed the deputy sheriff. The defense was that Friday acted in defense of his brother, Poley, who was killed by the deputy sheriff. Whether the first shot was fired by the deputy sheriff or by Len Friday was one of the disputed questions in the trial of the case. Another question at issue was whether the defendants had intoxicating liquor in the car. Reeder, as a witness for the state, testified that the defendants did have intoxicating liquor in the car, and that he had so informed the deputy sheriff. On cross-examination, Reed-er was asked whether the deputy sheriff had a warrant for the arrest of the defendants, and the witness answered that he did not know. The district attorney then called a justice of the peace to the witness stand, who produced and identified a search warrant, authorizing the deputy sheriff to search the automobile of Len Friday, and an affidavit signed by the deputy sheriff, saying that he had reason to believe, and did believe, that Len Friday’s automobile contained moonshine whisky and was being used for bootlegging and delivering the whisky, in violation of 'the Act 39 of 1921. The affidavit and warrant, which were dated seven days before the date of the homicide, were then offered in evidence on behalf of the state. The attorney for the defendants objected to the evidence, on the ground that it was hearsay evidence, and was an attempt to prove that the defendants were guilty of another offense, said to have been committed seven days before the date of the crime for which they were being tried. The judge overruled the objection, and allowed the affidavit and warrant to be admitted in evidence and presented to the jury and read by the jurors as evidence in the case.
 

 It cannot be doubted that the proof, which the affidavit tended to establish, was prejudicial to the defendants. We are not called upon to decide whether the state should have been allowed to prove what the affidavit tended to prove, if the state had offered legal and competent evidence of the supposed fact. It is sufficient to say that the affidavit was not admissible in evidence. The Bill of Rights (section 9 of article 1 of the Constitution) guarantees that the defendant in a prosecution for any crime shall have the right to be confronted by the witnesses against him. Ex parte affidavits are not admissible in evidence against the defendant in a criminal case. State v. Jackson, 106 La. 413, 31 So. 52.
 

 The search warrant that was introduced in evidence would have been admissible, if it had been offered for the purpose only of showing the authority on which the deputy sheriff undertook to search the automobile, and if the judge had then instructed the jury that they should not consider the document as evidence of any other fact than that the sheriff had the warrant as his authority for making the search or arrest. Wharton on Homicide, § 392.
 

 The verdict and sentence are annulled, and the case is ordered remanded to the district court for a new trial.
 
 ¡
 

 LAND and THOMPSON, JJ., dissent.