PONDER, Justice.
Ben Johnson, an inmate of the Louisiana State Penitentiary, brought habeas corpus proceedings against the warden of the penitentiary, in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, seeking to have the judgment and sentence, under which he is now imprisoned, vacated and set aside, and to be released from imprisonment. The warden excepted to the jurisdiction yatione personae of the district court. This exception was tried and overruled by the trial judge. Thereupon, the warden applied to this Court for writs of certiorari, mandamus and prohibition which were granted by this Court with a stay order and the matter is now before us for determination.
Ben Johnson was convicted on November 19, 1954, in the Nineteenth Judicial District Court for the Parish of East Baton Rouge for violation of LSA-R.S. 40:962 et seq., for having unlawful possession of marijuana, and sentenced to serve ten years in the penitentiary located at Angola, in the Parish of West Feliciana. The relator, Johnson, appealed from this conviction and sentence to this Court and the judgment was affirmed. See State v. Johnson, 228 La. 317, 82 So.2d 24. On July 7, 1955, the relator was delivered to the warden ®f the *470 penitentiary at Angola, Louisiana, in West Feliciana Parish where he has been confined until this day. The warden is also a resident of West Feliciana Parish.
The warden takes the position that the Nineteenth Judicial District Court is without jurisdiction to entertain these habeas corpus proceedings. This contention is based on the ground that the relator is being imprisoned in West Feliciana Parish within the jurisdiction of the Twentieth Judicial District Court and that under the provisions of the Constitution, the Revised Statutes, and the Code of Practice, to be hereinafter referred to, that court alone has jurisdiction to entertain habeas corpus proceedings.
Article 7, Section 2, of the Constitution of Louisiana 1921, LSA, provides:
“The Supreme Court, the Courts of Appeal, and each of the judges thereof, subject to review by the court of which he is a member, and each district judge throughout the State including judges of the Civil and Criminal District Courts in the Parish of Orleans, may issue writs of habeas corpus, in behalf of any person in actual custody in cases within their respective jurisdictions ; * * (Italics ours.)
The writ of habeas corpus is defined in LSA-R.S. 15:113 thus:
“The writ of habeas corpus is an order in writing, issued in the name of the state, by a judge of competent jurisdiction, and directed to the person who has another in his custody, or detains him in confinement, commanding him to bring before the judge the person thus detained, at the time and place appointed in the writ, and to state the reason for which he thus keeps him imprisoned and deprived of liberty.”
LSA-R.S. 15:114 deals with the authority of judges to issue the writ of habeas corpus and provides:
“The writ of habeas corpus may be issued: by the supreme court or by any justice thereof at the instance of any person in actual custody, in any case when that court may have appellate jurisdiction and by the district judges, at the instance of any person in actual custody in their respectiva districts; provided, that neither the supreme court nor any justice thereof, except in cases provided for in Articles. 94 and 116, shall issue said writ unless every district judge of criminal jurisdiction in the district in which the relator is in custody be absent, re-cused or prevented from some cause: from acting, and unless such absence,, recusation or disability be made to appear by oath of the relator or by other sufficient proof.” (Italics ours.)
Under Article 792 of the Code of Practice “district judges shall have the right of granting writs of habeas corpus within, the limits of their respective jurisdictions* except in the case provided by the following article.”
Article 793 of the Code of Practice provides :
“When the judge of any district is absent, interested, or prevented by any cause whatever from acting in that quality, and there is no criminal court or court of concurrent jurisdiction in. the district, the habeas corpus may be-issued by any judge of competent jurisdiction in one of the adjoining districts. But, in this case, the absence, interest or disability of the judge of the district where the imprisonment exists, shall be made to appear by the oath of the petitioner or other sufficient proof.”
Article 7, Section 2, of our Constitution provides that judges “may issue writs of habeas corpus, in behalf of any person in actual custody in cases within their respective jurisdictions.” The language used in LSA-R.S. 15:114, “at the instance of any person in actual custody in their respective districts,” is very clear and significant. The provisions of Article 793 of the Code of' *471 Practice stresses the point that the jurisdiction is “where the imprisonment exists.”
After the relator’s conviction and sentence became final and the relator was placed in the actual custody of a person in another jurisdiction, the district court of East Baton Rouge Parish no longer had jurisdiction over him. The only district judge who would have jurisdiction to entertain such proceedings would be the judge of the district in which the relator is being detained. We have been cited no authority to the contrary. However, the opinions handed down in State v. Jones, 209 La. 394, 24 So.2d 627, and State ex rel. Chicola v. General Manager of Louisiana State Penitentiary, 188 La. 694, 177 So. 804, appear to be opposed to our holding in this case, but we do not choose to follow them because they are not in harmony with the express provisions of our Constitution and laws as set out above.
For the reasons assigned, the judgment of the lower court is reversed and set aside, the exception to the jurisdiction ratione personae is sustained and the habeas corpus proceedings are hereby dismissed.