SIMON, Justice.
Emile Weston, Jr. was convicted on October 17, 1956 in the 19th Judicial District Court for the Parish of East Baton Rouge, and sentenced to suffer the penalty of death for the crime of aggravated rape. An appeal from this conviction and sentence was affirmed. State v. Weston, 232 La. 766, 95 So.2d 305. Thereupon, on April 23, 1958, relator was delivered to the custody of Maurice H. Sigler, then Warden of the Louisiana State Penitentiary, at Angola, West Feliciana Parish, Louisiana, where he has been confined until the present time, and is presently in the custody of Victor G. Walker, Warden, Louisiana State Penitentiary, also a resident of West Feli-ciana Parish.
On September 11, 1958, relator broug'ht suit in the 19th Judicial District Court, in the Parish of East Baton Rouge, for a writ of habeas corpus against Walker as the Warden having him in custody. In his petition relator alleged his innocence of the crime upon which he stands convicted, and that the judgment and sentence violated Sections 2, 6 and 9, Article 1 of the Louisiana Constitution, LSA, and Section 1 of the Fourteenth Amendment of the Constitution of the United States, thus entitling him to be released from custody. The writ of habeas corpus and the rule to show cause were granted, as prayed for.
In response to the writ and the rule to show cause, the Warden filed exceptions *299 to the jurisdiction of the court ratione personae and ratione materiae, and reserving all rights thereunder filed his answer to the petition. The district judge overruled the exceptions to the jurisdiction, whereupon the Warden, through the Attorney General, applied for and we issued a writ of certiorari and alternative writs of prohibition and mandamus.
It may be observed that Weston also applied for writs of habeas corpus in the United States District Court, Eastern District of Louisiana, but the application was denied on the ground that the court lacked jurisdiction. However, the Federal District Court granted a stay of execution until its ruling was reviewed and which is now pending before the United States Fifth Circuit Court of Appeals.
Manifestly, the sole question presented for determination is that of jurisdiction and not one involving the merits of the original writ. The question succinctly stated is whether a district court having had original jurisdiction in the trial, conviction and sentence retains jurisdiction in a petition for habeas corpus, notwithstanding the conceded fact that the petitioner is incarcerated in another parish of the state pursuant to such conviction and sentence and when the person to whom the writ is directed and having custody of the petitioner also is domiciled in the other parish, different from the parish of the original trial court.
In the case of Johnson v. Sigler, 235 La. 1056, 106 So.2d 469, we reviewed and determined the identical question here posed. We therein held, after reviewing and quoting the provisions of Article 7, Section 2 of our Constitution, R.S. 15 :- 113, 15:114, and Articles 792 and 793 of our Code of Practice, that after the relator’s conviction and sentence became final and he was thereafter placed in the actual custody of a person in another jurisdiction, the district court in which the conviction and sentence were obtained had become completely divested of jurisdiction; and that the only district judge who would have jurisdiction to entertain proceedings of habeas corpus would be the judge of the district in which the relator is being actually detained and held in custody. We adhere to and reaffirm this holding.
Hence, it follows that the judgment of the 19th Judicial District Court in and' for the Parish of East Baton Rouge is reversed, annulled and set aside.
It is further ordered, adjudged and decreed that the exception to the jurisdiction ratione personae is sustained and the demand of the prisoner to be released on the writ of habeas corpus is rejected and the proceedings therein taken are hereby dismissed.