196 So.2d 797

**STATE of Louisiana**

v.

**Albert JOHNSON.**

No. 48366.

March 27, 1967.

Jerry H. Bankston, Baton Rouge, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Davis A. Gueymard, Asst. Dist. Atty., for appellee.

FOURNET, Chief Justice.

Defendant, Albert Johnson, prosecutes this appeal from his conviction and sentence [1] on a charge by bill of information [2] with the offense of operating a motor vehicle while under the influence of alco-

---

1. Defendant was sentenced to one year in the Louisiana State Penitentiary at hard labor.
2. The bill of information declares: *"Albert Johnson * * * on the Sixth (6th) day of March in the year of our Lord One Thousand Nine Hundred and Sixty-Six (1966) * * * in the Parish of East Baton Rouge * * * did operate a motor vehicle while under the influence of alcoholic beverages.*

AND NOW, the said Ralph L. Roy,

Assistant District Attorney does further give the said court hereto to understand and be informed the said Albert Johnson was duly charged in a bill of information filed on April 26, 1961 * * * with having unlawfully operated a motor vehicle while under the influence of alcoholic beverages on March 11, 1961; said offense being in violation of L.R.S. 14:98; that the said Albert Johnson entered a plea of guilty to said charge on May 2, 1961, and was ordered by said court to pay a

holic beverages as a third offender under the provisions of L.R.S. 14:98.[3]

Defendant relies for the reversal of his conviction and sentence on a single bill of exception reserved to the ruling of the trial judge which allowed the clerk of court to continue reading the bill of information, after having read the first paragraph thereof, over the defendant's objection.

Counsel for defendant, relying upon the case of State v. Jones, 209 La. 394, 24 So.2d 627, contends, "The failure of the court to quash a bill of information containing allegations of two prior convictions of driving while intoxicated had the effect of immediately placing the character of the accused before the jury without the accused taking the stand in his own behalf and is prejudicial error. * * * To allow a Bill of In-

---

fine of $150.00 and costs of court, and in default of payment of the fine and costs to be confined in the East Baton Rouge Parish Jail for a period of 60 days.

AND NOW, the said Ralph L. Roy, Assistant District Attorney does further give the said court hereto to understand and be informed that the said Albert Johnson was duly charged in a bill of information filed on October 23, 1963 * * * with having unlawfully operated a motor vehicle while under the influence of alcoholic beverages on August 9, 1963; said offense being in violation of L.R.S. 14:98; that the said Albert Johnson entered a plea of guilty to said charge on January 20, 1964 and was sentenced to pay a fine and costs of court and in default of payment of said fine and costs to be confined in the East Baton Rouge Parish Jail for a period of 60 days, and to serve an additional 125 days in the East Baton Rouge Parish Jail.

That the said Albert Johnson, who now stands charged in this Honorable Court with having violated L.R.S. 14:98 in that he operated a motor vehicle while under the influence of alcoholic beverages on March 6, 1966, is one and the same person who was sentenced twice previously under the aforesaid numbers 38,949 and 48,072 on the docket of the 19th Judicial District Court of the State of Louisiana; *that the said Albert Johnson, if found guilty of the allegations in the bill of information, should be sentenced as a THIRD OFFENDER in conformity*

*with the provisions of L.R.S. 14:98 pertaining to a third conviction * * *."* (Emphasis added.)

3. R.S. 14:98 provides—"Operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, vessel or other means of conveyance while under the influence of alcoholic beverages or narcotic drugs.

Whoever operates a vehicle while intoxicated is guilty of a crime and upon conviction shall be fined not less than one hundred twenty-five dollars and not more than four hundred dollars or imprisoned in the parish jail for not less than 30 days nor more than eight months or both.

On a second conviction, the offender shall be fined not less than one hundred twenty-five dollars nor more than twelve hundred fifty dollars and shall be imprisoned for not less than one hundred twenty-five days nor more than one year and three months.

On a third conviction, the offender shall be imprisoned at hard labor for not less than one year nor more than five years.

On a fourth conviction, the offender shall be sentenced to imprisonment at hard labor for not less than ten or more than thirty years.

Provided that any offense under this statute committed more than five years prior to the commission of the crime for which the defendant is being tried shall not be considered in the assessment of penalties hereunder."

formation to include crimes other than the particular one with which the accused is charged will almost inevitably lead the jury to infer present guilt from previous convictions for the same offense."

The case of State v. Jones, supra, has not only received criticism from the bench and bar generally, but has been repudiated in part by this court in the case of Johnson v. Sigler, 235 La. 1056, 106 So.2d 469, thus reducing its value, if any, in our jurisprudence. Besides, the case is inapposite from a factual and legal standpoint and therefore not controlling here, involving as it does the accusation of a defendant who had been previously convicted of "separate and unrelated felonies," whereas, in the case at bar we have under consideration a special act dealing with the offense of operating a motor vehicle or certain other means of transportation under the influence of alcoholic beverages or narcotic drugs, which the legislature in its wisdom considered a matter of such great importance to protect the public against the ravages of the drunken driver, that it provided enhanced penalties for multiple violations.

It is apt to observe here that a perusal of the record shows that the defendant neither filed a motion to quash the information nor did he file a motion in arrest of judgment. In any event, there is no merit to this contention. This court, in the decision handed down on February 20, 1967 in the case of

State v. Montgomery, 250 La. 326, 195 So.2d 285, held that in order for an accused to be sentenced as a multiple offender it is necessary to allege the prior convictions in the accusation and further pointed out that "even though prior convictions do not constitute a material ingredient of the crime * * * charged, * * * that in order for the accused to be sentenced as a second, third, or fourth offender under the provisions of this statute (L.R.S. 14:98) *the prior convictions must be alleged in the affidavit, information, or indictment."* (Emphasis added.)

The reason for this holding is stated in the opinion to be that "The allegations as to prior convictions are necessary for a determination of whether the accused is charged with a misdemeanor or a felony under the statute and whether the trial shall be by the judge alone or by jury. *First and second violations of this statute are misdemeanors triable before the judge alone, whereas third and fourth violations are felonies triable by a jury of 12.* Such allegations are also necessary for determining whether prior convictions were convictions under this same statute. The enhanced penalties on account of prior convictions cannot be imposed unless they were convictions for violations of this particular statute. State v. Duncan, 219 La. 1030, 55 So.2d 234. They are necessary also for a determination of whether any or all of the prior convictions were too remote in time to be used for an

enhancement of the penalty."[4] (Emphasis added.)

In oral argument, in a similar case (State v. Gerald, No. 48,365 on the docket of this court) argued the same day, it was contended that including prior convictions in the indictment or information in accordance with the statute prejudices the defendant before the jury, thereby depriving him of a fair trial and resulting in deprivation of his rights and liberties without due process in violation of the Due Process Clause of the Constitution of the United States.

This issue has been adjudicated adversely to this contention by the Supreme Court of the United States in an opinion recently handed down in the consolidated cases of Spencer v. State of Texas, Bell v. State of Texas and Reed v. Beto, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606, wherein the court reasoned, "To say the United States Constitution is infringed simply because this type of evidence may be prejudicial and limiting instructions inadequate to vitiate prejudicial effects, would make inroads into this entire complex code of state criminal evidentiary law, and would threaten other large areas of trial jurisprudence * * *." The court in the course of the opinion observed, "Such statutes and other enhanced sentence laws, and procedures designed to implement their underlying policies, have been enacted in all the States, and by the Federal Government as well," and held,

"In the face of the legitimate state purpose and the long-standing and widespread use that attend the procedure under attack here, we find it impossible to say that because of the possibility of some collateral prejudice the Texas procedure is rendered unconstitutional under the Due Process Clause as it has been interpreted and applied in our past cases."

For the reasons assigned the conviction and sentence are affirmed.

---

4. See the last paragraph of footnote No. 3.