199 So.2d 536

**STATE of Louisiana**

**v.**

**David E. GERALD.**

No. 48365.

June 5, 1967.

C. Alvin Tyler, Charles E. Pilcher, Herbert M. Williams, R. W. Williams Jr., Baton Rouge, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen.. Sargent Pitch-

er, Jr., Dist. Atty., Davis A. Gueymard, Asst. Dist. Atty., for appellee.

SUMMERS, Justice.

David E. Gerald was charged in a bill of information with violating Article 98 of the Criminal Code (La.R.S. 14:98) [1] in that on November 10, 1965 he operated a motor vehicle while under the influence of alcoholic beverages. The information also set forth that Gerald was charged, formally arraigned, pleaded guilty and sentenced for the commission of the same offense on April 30, 1961, January 6, 1962 and January 18, 1963. Finally, the information set forth that, by virtue of the previous convictions which were detailed therein, Gerald should be sentenced as a fourth offender.

A motion to quash this bill of information was filed by Gerald's counsel. In support of the motion, he contends that the allegations of prior convictions were prejudicial; for when the bill of information is read at the trial, these allegations have the effect of placing the accused's character before the jury without his having taken the stand in his own behalf.

The motion to quash was denied. A bill of exceptions was reserved to the ruling, and this bill is now relied upon to reverse the conviction.

Charging prior convictions in the bill of information, defendant argues, is repugnant to the rule of law—long settled in our jurisprudence—founded upon policy considerations, which holds that when a man is tried for one offense, he is to be convicted, if at all, by evidence of that offense alone. State v. Brown, 185 La. 1023, 171 So. 433 (1936); State v. Patza, 3 La.Ann. 512 (1848).

It is said in support of this rule that a man cannot be convicted of a crime because he is a bad man generally or has committed other crimes for which he has not been punished. State v. Rives, 193 La. 186, 190 So. 374 (1939). And some writers set

1. La.R.S. 14:98, in effect at the time of the instant offense, provided:

"Operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, vessel or other means of conveyance while under the influence of alcoholic beverages or narcotic drugs.

"Whoever operates a vehicle while intoxicated is guilty of a crime and upon conviction shall be fined not less than one hundred twenty-five dollars and not more than four hundred dollars or imprisoned in the parish jail for not less than thirty days nor more than eight months or both.

"On a second conviction, the offender shall be fined not less than one hundred twenty-five dollars nor more than twelve hundred fifty dollars and shall be imprisoned for not less than one hundred twenty-five days nor more than one year and three months.

"On a third conviction, the offender shall be imprisoned at hard labor for not less than one year nor more than five years.

"On a fourth conviction, the offender shall be sentenced to imprisonment at hard labor for not less than ten or more than thirty years."

forth that the courts consider it a dangerous species of evidence because it requires a defendant to meet and explain acts other than those charged against him and for which he is on trial. 2 Marr's, Criminal Jurisprudence § 568 (2d ed., 1923).

 Under this rule, defendant asserts, since a showing that an accused has been convicted of other offenses is irrelevant and inherently prejudicial, evidence of other convictions is not admitted at the trial except under well-recognized exceptions. The rule relied upon is recognized by statute and the jurisprudence. It is, essentially, a rule of evidence. La.C.Cr.P. arts. 445, 446, 495 (1928) ; State v. Rives, supra; State v. Norphlis, 165 La. 893, 116 So. 374 (1928) ; State v. Quinn, 131 La. 490, 59 So. 913 (1912) ; State v. Williams, 111 La. 179, 35 So. 505 (1903) ; see 1 Wigmore, Evidence § 194(b) (3d ed. 1940) ; McCormick, Evidence § 157 (1st ed. 1954) ; Dubroff, Recidivist Procedures, 40 N.Y.U.L. Rev. 332, 336 (1965).

 Although recognizing the merit of the rule and its application by the courts in proper cases, we find that we are unable to apply it here without rendering the recidivist statute before us entirely ineffective. This is so because alleging prior convictions is necessary under Article 98 to inform the accused if he will stand trial for a felony or misdemeanor, whether or not the prior convictions were under the same statute

and whether the prior convictions were too remote in time to warrant the enhanced penalty provided for in the statute. And, since there is no short form indictment provided for the offense of driving while intoxicated where the enhanced penalty is involved, without these allegations the bill of information would be subject to the objection that it does not sufficiently inform the accused of the nature and cause of the accusation against him. Accordingly, the reference to prior convictions in the bill of information is necessary to sustain a prosecution under Article 98 of the Criminal Code. State v. Montgomery, 250 La. 326, 195 So.2d 285 (1967).

 Recently, in State v. Johnson, 250 La. 473, 196 So.2d 797, rendered on May 1, 1967, we found that Article 98 of the Criminal Code was enacted by the Legislature in its wisdom in a matter of great importance "to protect the public against the ravages of the drunken driver." Policy considerations in the field of operating a motor vehicle while intoxicated or under the influence of narcotic drugs which prompted the enactment of the statute were, therefore, deemed by the Legislature to be of sufficient importance to override the long-standing rule of evidence developed by the courts. By enacting Article 98 of the Criminal Code, the Legislature assumed its lawmaking prerogative in this field. The article is its latest expression on the subject. We must conclude from this that the

rule of evidence urged by defendant is superseded by this legislation since the conflict between the two cannot be reconciled. See Spencer v. State of Texas, 382 U.S. 1022, 86 S.Ct. 649, 15 L.Ed.2d 537 (1967).

Moreover, Article 242 of the 1928 Code of Criminal Procedure,[2] in effect at the time of this prosecution, and the recent case of State v. Montgomery, 250 La. 326, 195 So. 2d 285 (1967) require that allegations of prior convictions be included in indictments for offenses involving enhanced penalties for repeated violations.

For the reasons assigned, the conviction and sentence are affirmed.

---

2. Article 242 provides:
 "Whenever it is necessary to allege a prior conviction of the accused in an indictment, it is sufficient to allege that the accused was at a certain stated time, in a certain stated court, convicted of a certain stated offense, giving the name of the offense, if it have one, or stating the substantial elements thereof."