TATE, Justice.
The defendant I-Iayes was indicted and tried for murder, La.R.S. 14:30, and convicted of manslaughter, La.R.S. 14:31, a responsive verdict, La.C.Cr.P. Art. 814. He appeals the verdict and sentence of 15 years in the penitentiary.
From the bills taken and the trial court’s per curiams, the context facts appear to be these: The defendant Hayes is charged with the murder of Linda Medlock on December 27, 1970. The theory is that he shot her with the specific intent to kill her or to inflict great bodily harm upon her. La.R.S. 14.30(1).
We find merit in the principal error urged on appeal, as perfected by Bills 8 (taken to overruling of objection to the evidence), 9 (taken to denial of mistrial), and 11 (taken to denial of new trial). The error so urged is as follows:
The assistant district attorney introduced into evidence a certified copy of a bill of information and a certified copy of the minutes showing a plea of guilty to a crime totally unrelated to the charge for which the accused was on trial. They were introduced over objection, “on the question of intent and showing probability”. No evidence was taken as to the alleged act upon which this other crime was based.
In its per curiam, the trial court ruled that the evidence (i. e., the bill of information and minute entries) was admitted under La.R.S. 15:445, which provides: “In order to show intent, evidence is admissible of similar acts, independent of the act charged as a crime in the indictment * *
Our trial brother was in error in so holding. The statute in question permits proof of “similar acts”. The act sought to be shown by introduction of the plea of guilty is not shown to be similar, so its admission is not justified under La.R.S. 15:445.
Additionally, however, the introduction of the bill of information (to which the accused pleaded not guilty and of which he *677 was never convicted) was grossly prejudicial.
The information charged that the accused had committed a battery with a dangerous weapon, a knife, upon Doris Faye Maxie on October 28, 1967. Aside from the doubtful relevance for any purpose of a dissimilar offense committed in a different manner three years earlier upon a different victim, this charge was clearly inadmissible. The information just constituted a "written accusation of crime made by the district attorney”. La.C.Cr.P. Art. 384. A prior accusation of another crime is not admissible to show intent, and we can conceive of no theory under which it could be competent or independently relevant for such purpose.[1] Its admission was clearly improper and prejudicial. See: State v. Carite, 244 La. 928, 155 So.2d 21 (1963); State v. Friday, 159 La. 124, 105 So. 248 (1925); State v. Jackson, 106 La. 413, 31 So. 52 (1922).
In addition to the information, the state introduced the minutes showing that the charge had been reduced to simple battery (the intentional use of force upon another person without that person’s consent, La. R.S. 14:33, 35) and that the defendant had pled guilty to that charge. Unless under well-recognized exceptions not here present, the introduction of evidence that the accused has been convicted of other offenses is irrelevant and inherently prejudicial. State v. Gerald, 250 La. 759, 199 So.2d 536 (1967); State v. Brown, 185 La. 1023, 171 So. 433 (1936); McCormick on Evidence, Section 157 (1954); Marr’s Criminal Jurisprudence of Louisiana, Sections 565-69, especially 568 (1923).
For the foregoing reasons, the conviction and sentence are reversed, and this case is remanded for a new trial.
Reversed and remanded.

. The accused did not take the stand. If he had, the indictment is inadmissible even for impeachment purposes. Da.R.S. 15:495 (as amended in 1952).