568 So.2d 1368 (1990)
STATE of Louisiana
v.
Kathleen MOBLEY.
No. KA 89 1697.
Court of Appeal of Louisiana, First Circuit.
October 16, 1990.
*1370 William R. Campbell, Jr., New Orleans, David J. Knight, Asst. Dist. Atty. Covington, for the State.
Wendell E. Tanner, Slidell, for appellant.
Before COVINGTON, C.J., and LANIER and ALFORD, JJ.
LANIER, Judge.
Defendant, Kathleen Mobley, was charged by bill of information with operating a motor vehicle while intoxicated (DWI), third offense, in violation of La.R.S. 14:98. She was tried by jury and convicted as charged. Subsequently, the trial court sentenced her to imprisonment in the parish jail for a term of two years, with six months of the term to be served without benefit of parole, probation or suspension of sentence. The court suspended execution of the remaining one year and six months of the term and placed defendant on supervised probation for two years, subject to general conditions and the specific conditions that she attend and successfully complete a substance abuse program and a driver improvement program. This appeal followed.

FACTS
At about 12:33 a.m. on July 16, 1988, Covington City Police Patrolman Norman Manton was traveling westbound in his police unit on Boston Street in St. Tammany Parish, Louisiana, when he noticed a vehicle driven by defendant traveling westbound in the eastbound lane of Boston Street. Manton activated the emergency lights of his police unit. Defendant drove her vehicle into a parking lot where she stopped. Manton asked defendant to exit her vehicle and approach his unit. As she did so, she "staggered somewhat" and was "real unsteady". Her movements were erratic. She constantly moved her hands to maintain her balance. She was unstable and swaying as she walked. When defendant reached Manton's unit, she leaned on it for support. When Manton spoke to defendant, he detected a strong odor of alcohol about her breath. Defendant's clothing "looked disarranged", and her speech was slurred. Defendant initially produced an expired driver's license. When Manton asked her where was her current license, she told him she had none because it had been suspended as a result of a prior DWI. Following poor performances on several field sobriety tests, defendant was placed under arrest and transported to the Covington Police Department. At the police department, defendant was advised of her rights relevant to a chemical test for intoxication. She agreed to take a breath analysis test. The breath analysis test results showed defendant had a .24 percent blood alcohol reading.
The defendant was subsequently charged with third offense DWI. The predicate offenses alleged to support this charge were a DWI conviction in the 22nd Judicial District Court on May 11, 1984, under docket number 120103, and a DWI conviction in the 22nd Judicial District Court on April 9, 1987, under docket number 157083.

*1371 PROPER BOYKIN ADVICE FOR PREDICATE OFFENSE

(Assignment of error 1)
The defendant contends the trial court erred "in denying appellant's Motion to Quash ... the guilty plea entered May 11, 1984, Docket # 120103, 22nd Judicial District Court, Parish of St. Tammany, Louisiana" because this guilty plea "was invalid and cannot be used as a predicate offense to the present offense inasmuch as the plea was not obtained in accordance with the guidelines set forth in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709 [23 L.Ed.2d 274] (1969)."
The record shows that on December 13, 1988, the defendant filed a motion to quash the May 11, 1984 DWI conviction for use as a predicate offense. The court minutes reflect that the motion was heard on January 4, 1989, the matter was submitted to the court, and the court took the matter under advisement. The minutes do not reflect that evidence was presented. On January 23, 1989, the motion was denied.
The trial of this case was held on March 28, 1989. At the trial, the transcript of the Boykin examination of the defendant on May 11, 1984, was filed in evidence. The transcript reflects that the defendant was one of twenty-four defendants who were questioned as a group but who were required to answer individually. The defendant was individually asked her age and highest grade of education and she responded that she was 29 and went to the tenth grade. The group was asked if everyone could read, write and speak the English language, and the defendant individually responded yes. The group was asked if they understood they were charged with DWI, and the defendant responded yes. The group was advised that DWI was a "cumulative offense", that if you plead guilty to DWI-1 "there's a mandatory jail sentence involved for DWI-2" and "the sentence that you will receive will be much more severe than the sentence you're going to receive today." The defendant individually responded that she understood that. The defendant responded no when asked if anyone coerced her or placed her under duress to obtain her guilty plea. She responded no when asked if she was promised anything to get her guilty plea. When asked if her plea was her "own free will and desire", she responded yes. The trial judge then stated the following:
Q. All of you have the following constitutional rights. You must understand these rights and waive them before I can accept your guilty plea. So if you have any questions, stop me, and I will try to explain them to you in greater detail. All of you have a right to an attorney. If you cannot afford one, one will be appointed by the Court to represent you free of charge. You all have a right to a trial. During that trial, the State must prove their case against you beyond a reasonable doubt. During that trial, you have a right against self-incrimination. That is, you don't have to take the stand and testify against yourself. During that trial, you have a right to cross-examine the State's witnesses against you. If you're not satisfied with the outcome of the trial, you have a right to appeal to the higher courts of this State. And if you cannot afford an attorney, the State of Louisiana will provide you one free of charge. Do all of you understand those constitutional rights?
The defendant individually responded yes, and, when asked if she waived those constitutional rights, she also responded yes. Thereafter, the defendant was individually asked how she pled, and she responded guilty. The trial court then made the following factual finding:
Court at this time accepts the guilty pleas and finds they were made knowingly and willfully by the defendants.
Boykin mandates that before a trial judge can accept a plea of guilty he must inform the defendant that by pleading guilty he is waiving (1) his privilege against compulsory self-incrimination, (2) his right to trial (or jury trial where applicable), and (3) his right to confront (cross-examine) his accusers. In Louisiana this rule has been made applicable to misdemeanor guilty pleas. State v. Jones, 404 So.2d 1192 (La. *1372 1981). When a defendant collaterally contests the validity of a guilty plea for a predicate offense, the burden is placed on the State to prove compliance with Boykin. State v. Longo, 560 So.2d 530 (La.App. 1st Cir.1990). Cf. State v. LeFevre, 419 So.2d 862 (La.1982). The Boykin transcript herein reflects the defendant was advised of, understood and waived the triad of Boykin rights.
This assignment of error is without merit.[1]

SUFFICIENCY OF EVIDENCE-TIME LIMITATION FOR USE OF PREDICATE DWI CONVICTION

(Assignment of error 3)[2]
On May 17, 1989, the day set for sentencing, the defendant filed a motion for post verdict judgment of acquittal (La.C.Cr.P. art. 821) alleging that the State failed to prove beyond a reasonable doubt that one of the predicate offenses was committed within five years of commission of the present offense, as required in La.R.S. 14:98(F). The defendant contended the proof was inadequate because the certified copy of the bill of information for the May 11, 1984 conviction did not state the year in which the offense was committed and, since the instant offense occurred on July 16, 1988, there was no evidence that this predicate offense was committed within the five year cleansing period of La.R.S. 14:98(F). The trial judge denied this motion without a hearing and proceeded to sentence the defendant. The defendant asserts the failure to grant the motion was error.
La.R.S. 14:98(F) provides as follows:
Provided that any offense under this statute committed more than five years prior to the commission of the crime for which the defendant is being tried shall not be considered in the assessment of penalties hereunder. (Emphasis added)
La.R.S. 14:98(F) provides a 5 year cleansing period for the use of prior DWI convictions for the enhancement of sentencing. This cleansing period is based on the date of commission of the prior DWI offense; it is not based on the date of conviction.
The defendant's motion and argument in brief are based on the erroneous assumption that La.R.S. 14:98(F) pertains to an element of the substantive crime of third offense DWI. If La.R.S. 14:98(F) pertained to an element of the offense, the State would have the burden of proving beyond a reasonable doubt that the five year cleansing period of La.R.S. 14:98(F) had not elapsed. La.R.S. 15:271; La.C. Cr.P. art. 804(A)(1). If the State failed in this proof, the defendant would be entitled to have her motion for post verdict judgment of acquittal granted. What constitute the elements of a crime are set forth in Subpart B (Elements of Crimes) of Part I (General Provisions) of Title 14 (Criminal Law) of the Louisiana Revised Statutes. La.R.S. 14:7-14:12. La.R.S. 14:7 defines a crime, in part, as "that conduct which is defined as criminal in this Code ...". Criminal conduct is defined in La.R.S. 14:8 as follows:
Criminal conduct consists of:
(1) An act or a failure to act that produces criminal consequences, and which is combined with criminal intent; or
(2) A mere act or failure to act that produces criminal consequences, where there is no requirement of criminal intent; or
(3) Criminal negligence that produces criminal consequences.
Criminal consequences are "any set of consequences prescribed in the various articles of this Code ... as necessary to constitute *1373 any of the various crimes defined therein." La.R.S. 14:9.
The substantive crime of operating a vehicle while intoxicated (DWI) is defined in La.R.S. 14:98(A) as follows:
The crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, watercraft, vessel, or other means of conveyance when:
(1) The operator is under the influence of alcoholic beverages; or
(2) The operator's blood alcohol concentration is 0.10 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood; or
(3) The operator is under the influence of any controlled dangerous substance listed in Schedule I, II, III, IV, or V as set forth in R.S. 40:964.
Under the facts of the instant case, the elements of the offense are (1) operating a motor vehicle and (2) being under the influence of alcoholic beverages when doing so.[3] The date of the commission of a prior DWI offense is not an element of this substantive crime. Thus, if the State fails to properly allege or prove a predicate DWI conviction, and this error is successfully urged on appeal, the appropriate relief is not to set aside the DWI conviction for the instant offense, but to set aside the sentence as illegal and remand for a proper sentence. State v. Bass, 254 La. 83, 222 So.2d 865 (1969).
La.R.S. 14:98(B), (C), (D) and (E) provide for the authorized sentences on first, second, third and fourth conviction for DWI. When an accused is charged as a second, third or fourth DWI offender, the indictment or information must allege the prior convictions and the State must prove them. State v. Neal, 347 So.2d 1139 (La. 1977). La.C.Cr.P. art. 483 provides, in pertinent part, as follows:
If it is necessary to allege a prior conviction in an indictment, it is sufficient to allege the name or nature of the offense and the fact, date, and court of the conviction. (Emphasis added)
The jurisprudence and Article 483 require the alleging and proving of the date of a prior DWI conviction; they do not require that the State allege and prove the date of commission of the prior DWI offense. Since R.S. 14:98(F) pertains to the date of commission of a predicate DWI offense (and not the date of conviction), it is not included in the State's proof.
If La.R.S. 14:98(F) is not an element of the substantive offense of DWI, and the State is not required to negate its cleansing period in its charge or proof, what is it? A review of the history of La.R.S. 14:98(F) yields the answer to this question. In State v. Washington, 248 La. 894, 182 So.2d 528 (1966), the defendant was charged with committing DWI on March 8, 1965, and the bill of information listed three predicate DWI convictions on January 9, 1957, May 1, 1957, and May 14, 1958. The district court sustained a plea of prescription and dismissed the prosecution. The State appealed. The Louisiana Supreme Court reversed with the following rationale:
The trial judge was of the view that the previous convictions constituted a material ingredient of the present crime with which defendant was charged as a fourth offender; that R.S. 15:7.2, the general statute of limitation upon the institution of prosecutions, was applicable here inasmuch as R.S. 14:98, under which defendant was charged, contained no provision limiting the applicability of its habitual offender clauses; that since all of the earlier convictions occurred more than six years before the institution of this prosecution, the prosecution was barred under the limitation set forth in R.S. 15:7.2.1

*1374 The district judge was in error. Prior convictions do not constitute a material ingredient of the crime with which defendant was charged in the instant case or form any part of the act for which the defendant is being prosecuted. The accused is being prosecuted, and may be tried and punished, not for the previous offenses, but for the last offense, though the punishment for this last offense is enhanced because of the previous convictions....
The theory upon which the trial judge sustained the plea of prescription, that the previous convictions necessarily constitute a material ingredient of the offense with which the defendant is charged so that if the prescriptive period for prosecutions has elapsed between the latest offense and the prior convictions the prosecution has prescribed, has been rejected without exception by the courts in every state where this argument has been made in habitual offender cases....
Since the defendant is not being prosecuted for previous offenses, he cannot be relieved from prosecution under the general statute limiting prosecution because of the remoteness of the previous convictions, and could be relieved from the enhanced penalty only if this special statute placed a limitation upon the application of its habitual offender provisions.
Defendant argues that the court should by analogy fix a time after which prior convictions of this offense may not be used to enhance the punishment for a conviction of the offense; that the absence of any such provision in the statute under which the defendant is charged defeats the social purpose of rehabilitation inherent in habitual offender provisions, and subjects the defendant to cruel and unusual punishment in contravention of Article 1, Section 12, of the Louisiana Constitution of 1921.
The habitual felony law, R.S. 15:529.1(C), contains the kind of limitation contended for by defendant here, for it declares that it is inapplicable in cases where more than five years have elapsed between the expiration of the maximum sentence or sentences of the previous conviction or convictions and the time of the commission of the last felony for which a defendant has been convicted; but this statute has no application to the instant case, and there is no basis for making it applicable by analogy. It is a general statute concerned with those who are habitual felons, whereas defendant here was charged under a special statute which deals with repetition of a specific crime and in which the Legislature has fixed no limitation whatever as to prior offenses. To accept defendant's argument the court would have to legislate and write a period of limitation into R.S. 14:98 where none exists. The Legislature may well have placed no limitation in this special statute because of the seriousness and ever increasing instances of the offense....
The Legislature in its discretion appears to have determined that protection of the public from the repeater drunken driver is so grave and important a matter that it is immaterial how far removed in time the offenses may be from each other. This discretion vested in the Legislature should not be interfered with by the courts.
1 R.S. 15:7.2 provides:
"No person shall be prosecuted, tried or punished for an offense not punishable by death unless the prosecution is instituted within the following periods of time after the offense has been committed:
"(1) Six years, for a felony necessarily punishable by imprisonment at hard labor * * *."
(Emphasis added; citations omitted; footnote 2 omitted)
182 So.2d at 529-530.
Washington was decided on January 17, 1966. It held, among other things, that the time limitation period for prosecuting substantive offenses did not apply to predicate DWI offenses, there was no time limitation period for the use of predicate DWI offenses in La.R.S. 14:98, and the authority to provide for a time limitation period for the use of a predicate DWI offense rested with the legislature, not the courts.
La.R.S. 14:98(F) was added to La.R.S. 14:98 by Act 189 of 1966 shortly after the *1375 Washington case was decided. The title of Act 189 states that its purpose is "to provide a limitation period for the prosecution of the offense" of operating a vehicle while intoxicated. (Emphasis added.) Although the title of a legislative act is not part of the statute, it may be used to determine legislative intent. State v. Madere, 352 So.2d 666 (La.1977); Javeler Construction Company, Inc. v. Federal Insurance Company, 472 So.2d 258 (La.App. 1st Cir.), writ denied, 476 So.2d 354 (La. 1985).
Shortly after La.R.S. 14:98(F) was enacted, the Louisiana Supreme Court in State v. Montgomery, 250 La. 326, 195 So.2d 285, 287-288 (1967) discussed La.R.S. 14:98 as follows:
The failure to allege prior convictions in an affidavit would not invalidate it as a criminal charge because under our jurisprudence prior convictions do not constitute a material ingredient of the crime or form any part of the act for which a defendant is being prosecuted, for the accused is being prosecuted, and may be tried, convicted, and punished, not for the previous offenses, but for the last offense, although the punishment for this last offense is enhanced because of previous convictions.... But even though prior convictions do not constitute a material ingredient of the crime here charged, it is our view that in order for the accused to be sentenced as a second, third, or fourth offender under the provisions of this statute the prior convictions must be alleged in the affidavit, information, or indictment.

The allegations as to prior convictions are necessary for a determination of whether the accused is charged with a misdemeanor or a felony under the statute and whether the trial shall be by the judge alone or by jury. First and second violations of this statute are misdemeanors triable before the judge alone, whereas third and fourth violations are felonies triable by a jury of 12. Such allegations are also necessary for determining whether the prior convictions were convictions under this same statute. The enhanced penalties on account of prior convictions cannot be imposed unless they were convictions for violations of this particular statute.... They are necessary also for a determination of whether any or all of the prior convictions were too remote in time to be used for an enhancement of the penalty. R.S. 14:98, the drunken driving statute under which the prosecution was instituted, as amended by Act 189 of 1966, Section 1, reads in part: "Provided that any offense under this statute committed more than five years prior to the commission of the crime for which the defendant is being tried shall not be considered in the assessment of penalties hereunder."
For these reasons the State should not be permitted to make proof of prior convictions when the prior convictions are not alleged, and the defendant should be apprised of the prior convictions so that he may offer any factual or legal defense he might have to enhancement of the punishment on conviction. (Emphasis added; citations omitted)
See also State v. Gerald, 250 La. 759, 199 So.2d 536 (1967); State v. Johnson, 250 La. 473, 196 So.2d 797 (1967). Thus, Montgomery holds that DWI predicate convictions are not "a material ingredient" of the substantive DWI offense, but, for policy reasons, the DWI predicate convictions must be alleged in the charge because they are necessary to determine (1) if the defendant is entitled to a trial by jury, (2) if the convictions are under the same statute, and (3) if the convictions are too remote in time to be used for enhancement.[4]
*1376 When La.R.S. 14:98(F) is construed with reference to the Washington case, it is apparent that it was a legislative response to Washington. The discussion in Washington and the title of Act 189 of 1966 show that La.R.S. 14:98(F) is intended to be a special time limitation period controlling the use of a predicate DWI conviction in the prosecution of a substantive DWI offense.[5] It provides for a 5 year cleansing period from the date of commission of the substantive DWI offense to the date of commission of the predicate DWI offense.[6]
Time limitations upon prosecution of substantive offenses are provided for in La.C. Cr.P. art. 571-577. Since La.R.S. 14:98(F) pertains to a time limitation, like La.C.Cr.P. art. 571 et seq., it should be interpreted in reference to those statutes. La.C.C. art. 13. La.C.Cr.P. art. 577 provides as follows:
The issue that a prosecution was not timely instituted may be raised at any time, but only once, and shall be tried by the court alone. If raised during the trial, a hearing thereon may be deferred until the end of the trial.
The state shall not be required to allege facts showing that the time limitation has not expired, but when the issue is raised, the state has the burden of proving the facts necessary to show that the prosecution was timely instituted.
La.C.Cr.P. art. 2 provides as follows:
The provisions of this Code are intended to provide for the just determination of criminal proceedings. They shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable delay.
La.C.Cr.P. art. 3 provides as follows:
Where no procedure is specifically prescribed by this Code or by statute, the court may proceed in a manner consistent with the spirit of the provisions of this Code and other applicable statutory and constitutional provisions.
Thus, while it appears that La.C.Cr.P. art. 577 was originally intended to pertain to time limitations of substantive offenses, by analogy and pursuant to La.C.Cr.P. art. 3, we will apply the provisions of La.C.Cr.P. art. 577, insofar as they may be applicable, to the special time limitation period of La. R.S. 14:98(F). Cf. State v. Taylor, 502 So.2d 537 (La.1987) (procedure to traverse attorney-client privilege); State v. Manuel, 426 So.2d 140 (La.1983) (procedure for challenging the forfeiture of a motor vehicle); State v. Eros Cinema, Inc., 262 La. 706, 264 So.2d 615 (1972) (procedure for disposition of allegedly obscene materials under seizure); State v. North, 520 So.2d 1240 (La.App. 5th Cir.), writ denied, 522 So.2d 569 (La.1988) (time limitation for application for a supervisory writ from the denial of a motion to quash).
The defendant has raised the time limitation issue of La.R.S. 14:98(F) with the procedural vehicle of a motion for post verdict judgment of acquittal, La.C. Cr.P. art. 821.[7] A post verdict judgment of *1377 acquittal pertains to the sufficiency of the evidence used to convict for a substantive offense. It is not the proper procedural vehicle to raise a time limitation defense. If the defendant is successful in her La. R.S. 14:98(F) time limitation claim, she will not be granted an acquittal for the conviction of the substantive DWI; instead the defective predicate DWI conviction will not be considered and she will be resentenced. However, criminal (as well as civil) pleadings should be governed by their substance, rather than by their captions. United States v. Rosenson, 291 F.Supp. 867 (E.D. La.1968), affirmed, 417 F.2d 629 (5th Cir.1969), cert. denied, 397 U.S. 962, 90 S.Ct. 992, 25 L.Ed.2d 253 (1970). Cf. Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980); Belser v. St. Paul Fire & Marine Insurance Company, 542 So.2d 163 (La.App. 1st Cir.1989). Official Revision Comment (b)(4) for La.C.Cr.P. art. 535 provides as follows:
(4) The time limitation for the institution of prosecution has expired.
The time limitation for the institution of prosecution, by the filing of an information or finding of an indictment, may (like double jeopardy) be raised at any time, but only once. Art. 577. If this defense was not previously urged by a motion to quash, it may be urged during the trial, by a motion in arrest of judgment, or may be raised on appeal, or by writ of habeas corpus.
The defendant has raised this time limitation issue after conviction but prior to sentencing. Thus, it would appear that this pleading should be considered as a motion in arrest of judgment, insofar as La.C.Cr.P. art. 859 et seq. may be applicable to the La.R.S. 14:98(F) time limitation. La.C. Cr.P. art. 859(7).[8] Pursuant to La.C.Cr.P. art. 860, a motion in arrest of judgment "shall be tried contradictorily with the district attorney." The court minutes of the sentencing set for May 17, 1989, state that "Defense counsel at this time submitted a written Motion for Post Verdict Judgment of Acquittal, the motion was submitted to the Court, whereupon Court denied said motion." The trial court committed error by denying the motion ex parte and not having a contradictory hearing as required by Article 860.
Further, the evidence of record on this issue is ambivalent. The defendant correctly asserts that the bill of information for the May 11, 1984 conviction alleges that the offense was committed on March 31, but does not specify in what year, and that the instant offense occurred on July 16, 1988. However, the bill of information for the second predicate offense which was committed on November 15, 1986, a certified copy of which was also filed in evidence, alleges that the defendant "pled guilty to driving while under the influence of alcoholic beverages on the 2nd day of May, 1984, in the 22nd Judicial District, Covington, Louisiana, Docket # 120103". The extract of the minutes for the trial of this charge was filed in evidence and shows that the defendant was represented by counsel and was found guilty as charged. These records are prima facie proof of their contents. Cf. State v. Anderson, 486 So.2d 783 (La.App. 1st Cir.1986). Thus, it could be asserted that the bill of information for the November 15, 1986 offense states that the predicate offense therein (the May 11, 1984 conviction) was committed on May 2, 1984. Conversely, it also could be asserted that the May 2, 1984 date refers (albeit erroneously) to the date of conviction, rather than the date of the *1378 commission of the offense. Where the evidence of record is ambivalent on a factual question, the interest of justice may dictate that the case be remanded to the trial court for an evidentiary hearing on that issue. State v. Brown, 558 So.2d 1226 (La.App. 1st Cir.1990); State v. Cabanas, 552 So.2d 1040 (La.App. 1st Cir.1989), writ denied, 556 So.2d 41 (La.1990); State v. Sterling, 444 So.2d 273 (La.App. 1st Cir. 1983). The instant case is such a case.
Finally, our research indicates that the quantification of La.R.S. 14:98(F) in procedural terms is a de novo issue. We note this in defense of the trial judge who had to rule on this issue in a jurisprudential void.
For the foregoing reasons, this assignment of error has merit, the sentence will be vacated, and this case will be remanded for an evidentiary hearing in the trial court.

DECREE
The conviction of the substantive DWI and the judgment of the trial court which denied the defendant's motion to quash the 1984 DWI predicate conviction are affirmed. The sentence is vacated, and this case is remanded to the trial court for an evidentiary hearing on the issue of whether the predicate DWI offense for which the defendant was convicted in 1984 was committed within the five year cleansing period of La.R.S. 14:98(F). At this hearing, pursuant to La.C.Cr.P. art. 577, the State shall have the burden of proving the facts necessary to negate the five year cleansing period of La.R.S. 14:98(F). After the trial court rules on this issue, it shall proceed to sentence the defendant in accordance with law. Thereafter, the defendant will have a right to appellate review as provided for by law.
AFFIRMED IN PART; SENTENCE VACATED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] In brief, the defendant asserts, as part of assignment of error 1, that because this predicate guilty plea was uncounseled, it can not be used because the record does not show a knowing and intelligent waiver of counsel. Because Boykin does not pertain to the right to counsel, this objection is not within the purview of this assignment of error. La.C.Cr.P. art. 920; Longo, 560 So.2d at 531, n. 2. In any event, the Boykin transcript shows a valid waiver of the right to counsel. State v. Carson, 527 So.2d 1018 (La. App. 1st Cir.1988) (concurring opinion).
[2] In brief, the defendant specifically abandoned assignments of error 2 and 4.
[3] The bill of information for the July 16, 1988 DWI does not charge the defendant with operating the motor vehicle with a blood alcohol concentration of 0.10 percent, as provided for in La.R.S. 14:98(A)(2). Some states have held that there is no requirement of a criminal intent for the offense of DWI. Compare State v. Grotzky, 222 Neb. 39, 382 N.W.2d 20 (1986); Ex parte Ross, 522 S.W.2d 214 (Tex.Cr.App. 1975); State v. MacNamara, 345 A.2d 509 (Me.1975) with People v. Garcia, 214 Cal.App.3rd Supp. 1, 262 Cal.Rptr. 915 (1989).
[4] The Washington and Montgomery cases have not been overruled in their holdings that although predicate DWI convictions are not essential elements of the substantive DWI offense, they are essential allegations of the charge for policy reasons and are essential elements of proof to obtain enhanced punishment. However, it should be noted that in dictum some subsequent cases have categorized predicate DWI offenses as essential elements of the substantive crime. State v. Krause, 405 So.2d 832 (La.1981); City of Monroe v. French, 345 So.2d 23 (La.1977); State v. Armstrong, 561 So.2d 883 (La.App. 2nd Cir.1990); State v. Pitre, 532 So.2d 424 (La.App. 1st Cir.1988), writ denied, 538 So.2d 590 (La.1989); State v. Savoy, 487 So.2d 485 (La.App. 3rd Cir.1986). Other cases have correctly noted that predicate DWI offenses are only necessary elements of the charge and proof (not of the offense). State v. Neal, 347 So.2d 1139 (La.1977); State v. Washington, 498 So.2d 136 (La.App. 5th Cir.1986).
[5] La.R.S. 14:98(F) is not an affirmative defense. The affirmative defenses for substantive crimes are found in La.R.S. 14:13-14:22. Also compare State v. Husband, 437 So.2d 269 (La.1983) and State v. Johnson, 552 So.2d 807, 810, n. 3 (La. App. 1st Cir.1989).
[6] Thus, it is possible that the date of conviction of a predicate DWI offense could be within the five year period but its date of commission outside the five year period, and the predicate DWI conviction could not be used for enhancement purposes.
[7] La.C.Cr.P. art. 821 provides as follows:

A. The defendant may move for a post verdict judgment of acquittal following the verdict. A motion for a post verdict judgment of acquittal must be made and disposed of before sentence.
B. A post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty.
C. If the court finds that the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post verdict judgment of acquittal, may modify the verdict and render a judgment of conviction on the lesser included responsive offense.
D. If a post verdict judgment of acquittal is granted or if a verdict is modified, the state may seek review by invoking the supervisory jurisdiction of or by appealing to the appropriate appellate court.
E. If the appellate court finds that the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post verdict judgment of acquittal, may modify the verdict and render a judgment of conviction on the lesser included responsive offense.
[8] If the issue is raised before or during trial, the pleading would be a motion to quash. La.C. Cr.P. art. 531 et seq.; La.C.Cr.P. art. 532(7). If the issue is raised after sentencing, the pleading would be a motion to correct an illegal sentence, La.C.Cr.P. art. 882, or, as indicated in the Official Revision Comment for Article 535, a direct appeal or a writ of habeas corpus.