HAWTHORNE, Justice.
 

 Rober-t E. Montgomery was charged by affidavit in the City Court of Bossier
 
 *331
 
 City, Ward II of Bossier Parish, with the violation of R.S. 14:98, an offense against the State of Louisiana. The affidavit insofar as pertinent here charges that on June 18, 1966, Montgomery “Did operate a motor vehicle, namely an automobile, upon the streets of Bossier City, Bossier Parish, Louisiana while under the influence of alcoholic beverages. Second Offense”. After trial he was adjudged guilty. This conviction having been found by the court to be a second conviction, he was sentenced as a second offender to “$500.00 and costs or 500 days in jail and 125 days (State). To be served in the Parish jail.”
 
 [1]
 
 From this conviction and sentence he has appealed.
 
 [2]
 
 No bills of exception were reserved, but appellant alleges that there are errors patent on the face of the record sufficient for reversal of his conviction and sentence.
 

 R.S. 14:98, which defines the crime of operating a motor vehicle while under the influence of alcoholic beverages, prescribes enhanced penalties upon second, third, and fourth convictions for violating this particular statute. Appellant contends that the affidavit in this case is fatally defective because it does not clearly and properly inform him of the accusation against him. The basis of this contention is that he was sentenced as a second offender under an allegation in the affidavit which merely stated “Second Offense”.
 

 To determine whether the affidavit is defective for the reason advanced by appellant, we must first decide whether it is necessary to allege prior convictions in the charge in order for an accused to be sentenced as a second, third, or fourth offender.
 

 The failure to allege prior convictions in an affidavit would not invalidate it as a criminal charge because under our jurisprudence prior convictions do not constitute a material ingredient of the crime or form any part of the act for which a defendant is being prosecuted, for the accused is being prosecuted, and may be tried, convicted, and punished, not for the previous offenses, but for the last offense, although the punishment for this last offense is enhanced because of previous convictions. State v. Hardy, 174 La. 458, 141 So. 27; State v. Washington, 248 La. 894, 182 So.2d 528; see State v. Hingle, 242 La. 844, 139 So.2d 205. But even though prior convictions do not constitute a material ingredient of the crime here charged, it is our view that in order for the accused to be sentenced as a second, third, or fourth
 
 *333
 
 offender under the provisions of this statute the prior convictions must be alleged in the affidavit, information, or indictment.
 

 The allegations as to prior convictions are necessary for a determination of whether the accused is charged with a misdemeanor or a felony under the statute and whether the trial shall be by the judge alone or by jury. First and second violations of this statute are misdemeanors triable before the judge alone, whereas third and fourth violations are felonies triable by a jury of 12. Such allegations are also necessary for determining whether the prior convictions were convictions under this same statute. The enhanced penalties on account of prior convictions cannot be imposed unless they were convictions for violations of this particular statute. State v. Duncan, 219 La. 1030, 55 So.2d 234. They are necessary also for a determination of whether any or all of the prior convictions were too remote in time to be used for an enhancement of the penalty. R.S. 14:98, the drunken driving statute under which the prosecution was instituted, as amended by Act 189 of 1966, Section 1, reads in part: “Provided that any offense under this statute committed more than five years prior to the commission of the crime for which the defendant is being tried shall not be considered in the assessment of penalties hereunder.”
 

 For these reasons the State should not be permitted to make proof of prior convictions when the prior convictions are not alleged, and the defendant should be apprised of the prior convictions so that he may offer any factual or legal defense he might have to enhancement of the punishment on conviction.
 

 No provision of this statute, or of any other law so far as we know, authorizes the State to wait until after a defendant is convicted of the offense denounced under this statute to charge and prove prior convictions and have him sentenced as a second, third, or fourth offender.
 
 [3]
 
 The Code of Criminal Procedure of 1928, Article 242, R.S. 15:242, in effect when this case was tried, recognizes that it is sometimes necessary to allege prior convictions of the accused in the indictment. The new Code of Criminal Procedure, which became effective on January 1, 1967, contains this same provision, with minor stylistic changes, in its Article 483, and it is stated in the redactors’ comments under Article 483 that prior convictions under the statute which the accused here is charged with violating (R.S. 14:98) must be alleged in the indictment.
 
 [4]
 

 
 *335
 
 Since we have found that for an accused to be sentenced as a second offender it is necessary to allege the previous conviction in the charge, the next question for our determination is whether the words “Second Offense” in the affidavit here are sufficient to allege a prior conviction.
 

 Article 242 of the 1928 Code of Criminal Procedure, R.S. 15:242, cited above, provides that “Whenever it is necessary to allege a prior conviction of the accused in an indictment, it is sufficient to allege that the accused was at a certain stated time, in a certain stated court, convicted of a certain stated offense, giving the name of the offense, if it have one, or stating the substantial elements thereof”. These are minimum requirements; anything less is not sufficient. It follows that the words “Second Offense” in the affidavit here are not sufficient to allege a prior conviction, and we consider them to be the same as not written.
 

 Since the accused has not been legally charged as a second offender, his sentence as such was illegal and must be set aside, and the case remanded for a legal sentence. In State v. Carter, 168 La. 807, 123 So. 332, this court made the following pronouncement:
 

 “ * * * If a defendant is convicted on a mere prosecution for a second similar offense, without averment in the subsequent indictment that the offense therein charged
 
 is a second off erne,
 
 his sentence as for a second offense will be set aside on appeal, and the case remanded to have sentence imposed as for
 
 a first offense.
 
 * * * ”
 

 Counsel for appellant argues that the affidavit charging the offense is legally defective on its face because it does not identify the person making the affidavit and show that he was a credible witness. Counsel does not cite any statute or other authority, and we know of none, requiring that where the prosecution is by affidavit, the affidavit must specifically allege who the affiant is and state why he is a credible witness.
 

 For the reasons assigned the sentence is annulled and set aside, and the case is now remanded to the court below with instructions to sentence the defendant Robert E. Montgomery as for a first offense only.
 

 [1]
 

 . The sentence of 500 clays’ imprisonment in lieu of payment of fine is illegal under R.S. 15:529.3, which provides that imprisonment in default of payment of fine shall not exceed one year.
 

 [2]
 

 . Defendant was also tried and sentenced for the violation of a municipal ordinance against drunken driving, but that conviction and sentence are not before this court.
 

 [3]
 

 . Of. R.S. 15:529.1 (habitual offender law).
 

 [4]
 

 . After this case was argued, the State filed a supplemental brief agreeing that tlie affidavit must allege the prior conviction for the court to impose an enhanced penalty.