SHORTESS, Judge.
Wallace S. Pugh (defendant) was charged by bill of information with D.W.I. fourth offense. LSA-R.S. 14:98. He pled not guilty and, after trial by jury, was convicted as charged. Thereafter, the trial court sentenced him to a twelve-year term of imprisonment at hard labor.
Defendant brings this appeal urging six assignments of error.
FACTS
Around 10:40 p.m. on May 30,1987, Louisiana State Trooper Laurence Leitz was traveling westbound on Interstate 12 in St. Tammany Parish when he saw a vehicle swerve off the roadway and hit several trees. Leitz stopped his unit and went to check on the driver. Leitz testified that the driver, later identified as defendant, smelled strongly of alcohol and spoke with slurred speech. In addition, defendant swayed as he tried to stand erect. He was arrested following poor performances on several field sobriety tests. After being advised of his Miranda rights, defendant admitted that he had consumed about ten beers during the evening. Thereafter, defendant submitted to an intoxilyzer test, resulting in a .021 percent blood alcohol reading.
ASSIGNMENTS OF ERROR NOS. ONE, TWO, AND THREE
Defendant seeks reversal of his conviction and a remand for new trial or imposition of a first offense D.W.I. conviction. He contends that the trial court erred by allowing the introduction of documents evidencing three predicate D.W.I. convictions.
Defendant’s first argument focuses on state exhibit eight, a packet including a certified copy of the bill of information and *494 minutes of a guilty plea supporting a third-offense D.W.I. conviction, No. 116,771 on the docket of the Twenty-Second Judicial District Court for St. Tammany Parish. Defendant’s objection to state exhibit eight was grounded on an alleged defective counsel waiver and an incomplete waiver of rights form. Neither of those arguments was advanced on appeal. Defendant asserts on appeal that the exhibit was improperly admitted because the state failed to prove that he was the same person as the individual previously convicted in St. Tammany Parish. A new ground for objection cannot be urged for the first time on appeal. See State v. Hookfin, 476 So.2d 481, 492 (La.App. 1st Cir.1985).
Defendant's second argument focuses on state exhibit six, a packet including a certified copy of the bill of information and minutes of a guilty plea supporting a third offense D.W.I. conviction, No. 83-0297 on the docket of the Twenty-Ninth Judicial District Court for St. Charles Parish. Defendant asserts the exhibit was improperly admitted because that bill of information failed to properly allege the predicate D.W.I. offenses supporting the third offense D.W.I. charge thereon.
When a defendant is charged as a second, third, or fourth D.W.I. offender, the information or indictment must allege the prior convictions. LSA-C.Cr.P. art. 483, revision comment b; and State v. Neal, 347 So.2d 1139, 1141 (La.1977). The predicate bill of information is deficient in that respect; it does not support defendant’s sentence as a third offender. Had defendant appealed that predicate conviction, the sentence imposed therein would have been set aside and the case remanded for a proper sentence as a first D.W.I. conviction. See, e.g., State v. Bass, 254 La. 83, 222 So.2d 865 (1969); State v. Montgomery, 250 La. 326, 195 So.2d 285 (1967). However, this deficiency does not undercut that conviction’s collateral use in the instant case. A first offense D.W.I. conviction can serve as a predicate to a fourth conviction, for it is unnecessary that the prior convictions be consecutively numbered in graduating degrees of seriousness. State v. Benoit, 363 So.2d 656 (La.1978).[1]
Defendant’s final argument focuses on state exhibit seven, a packet including a certified copy of the bill of information and minutes of a guilty plea supporting a second offense D.W.I. conviction, No. 110,775 on the docket of the Twenty-Ninth Judicial District Court for St. Charles Parish. Defendant asserts the exhibit was improperly admitted because it failed to properly allege the predicate D.W.I. offense supporting the second offense D.W.I. charged therein, and because the state failed to obtain a valid waiver of counsel prior to accepting defendant’s plea to the predicate offense. Defendant did object to the introduction of state exhibit seven, but not for the reasons urged in brief.[2] A new ground for objection cannot be urged for the first time on appeal. See State v. Hookfin, 476 So.2d at 492.
For the foregoing reasons, these assignments of error are meritless.
ASSIGNMENTS OF ERROR NOS. FOUR AND FIVE
Defendant contends that the trial court erred by failing to grant his motion for a mistrial made during closing argument when the prosecutor indirectly referred to defendant’s failure to testify at trial. The record reveals that defendant objected, moving for a mistrial, when the prosecutor remarked: “Trooper Leitz told you unequivocably (sic), uncontradicted, that it was the defendant, Wallace S. Pugh, who was operating the motor vehicle.”
*495 The Louisiana Supreme Court has frequently upheld references made in closing argument that the state’s case stands un-controverted. See, e.g., State v. Latin, 412 So.2d 1357, 1362 (La.1982); State v. Sims, 346 So.2d 664, 669 (La.1977). In order to mandate a mistrial under Louisiana Code of Criminal Procedure article 770(3), the alleged reference must be intended to draw the attention of the jury to defendant’s failure to testify on his own behalf. State v. Smith, 433 So.2d 688, 697 (La.1983).
The prosecutor’s comment followed his conclusion that the state had carried its burden of proving all of the elements of the charged offense. It merely referred to defense counsel’s failure to offer evidence to rebut certain state evidence. It cannot be inferred that the prosecutor intended to emphasize defendant’s failure to take the stand.
Accordingly, these assignments of error lack merit.
ASSIGNMENT OF ERROR NO. SIX
Defendant requests a patent error review of the appellate record. Finding no patent errors, this assignment of error is meritless.
Accordingly, defendant’s conviction and sentence are affirmed.
AFFIRMED.
SAYOIE, J., dissents and assigns reasons.

. State v. Bass, 254 La. 83, 222 So.2d 865 (1969) and State v. Montgomery, 250 La. 326, 195 So.2d 285 (1967) are both cases where sentences for enhanced D.W.I. convictions were set aside. Montgomery was cited favorably in State v. Neal, 347 So.2d 1139, 1141 (La.1977). The disposition in Neal, the granting of a motion to quash, is grounded on the sequence of D.W.I. convictions. Neal has been legislatively overruled in that respect. See LSA-R.S. 14:98.

. Initially, defendant had no objection to state exhibit seven. Later, counsel objected to this exhibit because the certificates were attached by a staple to the copy of the record. Counsel stated that this was “not a proper enough certification.”