WALTER J. ROTHSCHILD, Judge.
li>On July 7, 2004, the Jefferson Parish District Attorney filed a bill of information charging defendant, Giles Duplechin, with operating a vehicle while intoxicated (DWI), third offense. LSA-R.S. 14:98 D. On February 1, 2005, the trial court conducted an arraignment in defendant’s absence, and his attorney entered a not guilty plea on his behalf.
On March 7, 2005, defendant filed a motion to quash the bill of information, claiming the predicate DWI convictions alleged in the bill of information were invalid. The trial court heard arguments on the matter on June 2, 2005. The judge granted defendant’s Motion to Quash in part, ordering that the 1998 conviction alleged in the bill of information be stricken.
The State filed a timely Motion for Appeal on June 2, 2005. The trial court granted the motion on July 13, 2005. On information from the district court, the trial in this matter is currently set for February 21, 2006.

\ .FACTS

Since the instant case has not yet gone to trial, the record does not contain the facts leading up to the charged offense. The bill of information alleges that defendant operated a vehicle while intoxicated on May 4, 2002, after having been twice convicted of operating a vehicle while intoxicated.

ASSIGNMENT OF ERROR NUMBER ONE

The trial court erred in finding that the defendant’s predicate DWI offense was “inadequate” and could not be used under the doctrine of res judicata.

DISCUSSION

The State complains that the trial court erred in declaring invalid one of the predicate DWI convictions alleged in the bill of information. The State moves this Court to reverse the trial court’s ruling on the Motion to Quash.
In State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556, the Louisiana Supreme Court extended the burden-shifting principles applicable to habitual offenders, as established in State v. Shelton, 621 So.2d 769 (La.1993), to the recidivist provisions of the DWI statute. When a defendant challenges the constitutional validity of a predicate DWI conviction resulting from a guilty plea, the State bears the initial burden of proving (1) the existence of the guilty plea, and (2) that he was represented by counsel during the plea. Carlos, 98-1366 at p. 6, 738 So.2d at 559. If the State meets this burden, the defendant must produce affirmative evidence indicating an infringement of his rights or a procedural irregularity in the taking of the plea. Id. See also, State v. Granier, 03-447, p. 5 (La.App. 5 Cir. 9/30/03), 857 So.2d 1176, 1178; State v. Moten, 99-552, pp. 3-4 (La.App. 5 Cir. 11/30/99), 748 So.2d 1210, 1211.
The first prior DWI conviction alleged in the bill of information was obtained on February 4, 1998, in case number FI150450, Division “A,” in the First Parish Court of Jefferson Parish. The second predicate conviction was on June 23, |41999, in case number 98-6534 in Division “M,” in the Twenty-fourth Judicial District Court in Jefferson Parish. (R., p. 15). In his Motion to Quash below, defendant argued that the 1998 conviction could not be used as a predicate in the instant case because Judge Henry Sullivan found the *657 same conviction invalid as a predicate in 1999, at trial in case number 98-6534. Defendant argued that Judge Sullivan’s 1999 ruling was res judicata, and that the State’s use of the 1998 predicate would subject him to double jeopardy.
At the June 2, 2005 hearing on the Motion to Quash, the defense produced a partial transcript of the June 23, 1999 bench trial in case number 98-6534, Division “M.” In that case, defendant was charged with DWI, third offense. The predicate convictions alleged by the state were the 1998 conviction from First Parish Court, and a 1992 conviction from Natchi-toches City Court. The transcript shows that Judge Sullivan found defendant guilty of DWI, second offense. The judge found the 1998 guilty plea to be invalid, as the supporting evidence showed defendant had not been advised, as required by LSA-C.Cr.P. art. 556.1,[1] that his conviction could be used to enhance a future DWI charge. Judge Sullivan therefore found that the 1998 guilty plea was not made knowingly and voluntarily.
Judge Fredericka Wicker ruled below that Judge Sullivan’s ruling was res judica-ta, and that the State was, therefore, barred from using the 1998 predicate conviction in the bill of information in this case. The judge further ruled that, because defendant had been found a second felony offender in the 1999 case, it need only provide one predicate conviction to prove a third offense DWI in the instant case. It is noted that the latter ruling is not before this Court.
| ñThg State now contends that the trial court erred in disallowing defendant’s 1998 predicate conviction, since neither res judi-cata nor double jeopardy principles are applicable to sentence enhancement proceedings. The State further argues that the 1998 conviction is now a valid predicate because LSA-C.Cr.P. art. 556[2] does not contain the notice requirement. Defendant responds that the recidivist sections of the DWI statute are not sentence enhancement provisions, but a substantive element of the offense. Defendant argues that the State is barred from using the 1998 predicate by either res judicata or double jeopardy.
The Fifth Amendment’s Double Jeopardy Clause protects against successive prosecutions following acquittal or conviction, as well as multiple punishments for the same offense. See also, LSA-Const. art. I, § 15; LSA-C.Cr.P. art. 591 et seq. The collateral estoppel component of the Double Jeopardy Clause prohibits the state from relitigating an issue of ultimate fact that has been determined by a valid and final judgment.[3] Ashe v. Swenson, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, *658 25 L.Ed.2d 469 (1970); State v. Cotton, 00-0850, pp. 5-6 (La.1/29/01), 778 So.2d 569, 574, reh’g granted in part, on other grounds, 00-0850 (La.4/20/01), 787 So.2d 278. A fact is considered “ultimate” if it is necessary to a determination of the defendant’s criminal liability. State v. Miller, 571 So.2d 603, 607 (La.1990); State v. Ingram, 03-1246, p. 3 (La.App. 5 Cir. 10/12/04), 885 So.2d 714, 716, writ denied, 04-3135 (La.4/1/05), 897 So.2d 600.
Collateral estoppel bars relitigation of only those facts necessarily determined in the first trial. United States v. Brackett, 113 F.3d 1396, 1398 (5th Cir.1997), cert. denied, 522 U.S. 934, 118 S.Ct. 341, 139 L.Ed.2d 265 (1997). Where a fact is not necessarily determined in a previous trial, the state is not barred |fifrom reexamining the issue. Id. Accordingly, the first step in resolving a collateral estoppel claim is to discern which facts were “necessarily determined” in the first trial. Id.
The courts have placed the burden “on the defendant to demonstrate that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding.” Dowling v. United States, 493 U.S. 342, 350, 110 S.Ct. 668, 673 107 L.Ed.2d 708 (1990). As discussed above, defendant was able to demonstrate in the district court, through the introduction of a partial transcript, that Judge Sullivan ruled on the constitutionality of the 1998 DWI guilty plea at defendant’s 1999 bench trial. The validity of the prior guilty plea would appear to be an issue of ultimate fact. As to the question of whether the State is now estopped from using the 1998 conviction in the instant case, the jurisprudence from the Louisiana Supreme Court is inconclusive.
In State v. Montgomery, 250 La. 326, 195 So.2d 285, 287 (1967), and State v. Washington, 248 La. 894, 182 So.2d 528, 529 (1966), the supreme court referred to predicate DWI convictions as essential averments that do not constitute a “material ingredient” of the crime. The Montgomery court reasoned that prior DWI convictions do not form any part of the act for which the defendant is being prosecuted. Rather, “the accused is being prosecuted, and may be tried, convicted, and punished, not for the previous offenses, but for the last offense, although the punishment for this last offense is enhanced because of the previous convictions.” Montgomery, 195 So.2d at 287. In short, Montgomery and its progenitors held that prior convictions do not form part of the DWI offense, but rather the sentencing mechanism.
^Enhancement proceedings such as habitual offender adjudications are generally not subject to double jeopardy considerations.[4] State v. Dorthey, 623 So.2d 1276, 1279 (La.1993). Therefore, pursuant to the holdings in Montgomery and Washington that the recidivist portion of the DWI statute is to be treated as an enhancement device, we fail to find the State is estopped from using the 1998 predicate conviction. The trial court’s ruling to the contrary is therefore reversed.

ERRORS PATENT REVIEW

The record was reviewed for errors patent in accordance with LSA-C.Cr.P. art. 920. The following matter was discovered:
Article 831 A(l) provides that a defendant charged with a felony “shall be present” at arraignment. The minute entry for February 1, 2005 indicates that defendant did not appear for his arraign *659 ment.[5] His attorney was present, and a plea of not guilty was entered in defendant’s absence. If defendant proceeds to trial without objection, he will have waived any irregularity. LSA-C.Cr.P. art. 555; State v. Echeverria, 03-898, p. 11 (La.App. 5 Cir. 11/25/03), 862 So.2d 163, 169.

CONCLUSION

Accordingly, for the reasons assigned herein, the judgment of the trial court granting defendant’s Motion to Quash is hereby reversed. The case is remanded to the trial court for further proceedings.

REVERSED AND REMANDED.

. At the time of defendant’s 1998 guilty plea, LSA-C.Cr.P. art. 556.1 applied to both misdemeanor and felony guilty pleas. Part E of that article provided: "In any case where a subsequent offense carries an enhanced penalty, the court shall inform the defendant of the penalties for subsequent offenses.” Articles 556 and 556.1 were amended by 2001 La. Acts, No. 243, § 1, so that Article 556 now applies only to misdemeanor guilty pleas, and Article 556.1 applies to only felony pleas. The notice requirement formerly contained in Article 556.1 E is no longer part of either 556 or 556.1.

. See footnote 1, supra.

. The doctrines of res judicata and collateral estoppel have been applied almost interchangeably in Louisiana's criminal jurisprudence. Prior to Ashe v. Swenson, Louisiana adopted a theory of res judicata preventing criminal re-prosecution similar in effect to the Ashe holding. State v. Latil, 231 La. 551, 92 So.2d 63, 69 (1956). See also, State v. Didier, 262 La. 364, 263 So.2d 322, 325, fn. 4. Since the opinion in Ashe, however, it appears the courts have been more inclined to employ the term collateral estoppel.

. But see State v. Hill, 340 So.2d 309, 312 (La.1976), and State v. Mays, 05-116 (La.11/29/05), 917 So.2d 1185, which address limited exceptions to that principle.

. It appears defendant voluntarily absented himself from the proceedings. See LSA-C.Cr.P. art. 832. The preceding minute entries show that the arraignment was reset several times, and that defendant had repeatedly failed to appear. When defendant again failed to appear in court on February 23, 2005, the judge issued an attachment for his arrest.