CARAWAY, J.
I,The defendant was convicted of operating a motor vehicle while intoxicated (“DWI”), fourth offense. He was sentenced to twelve years’ imprisonment at hard labor, with all but sixty days suspended, placed on probation for five years with conditions, and ordered to pay a $5,000 fine and costs. The defendant appeals, arguing that the facts pertaining to the so-called “cleansing period” for the predicate DWI offenses were not proven by the state. Rejecting that argument for reversal, we affirm the conviction and sentence.

Facts

Shortly after midnight on October 28, 2006, Louisiana State Police Troopers Seth Harmon and Carlos Ratliff were on patrol in Bossier Parish when they observed the defendant, Jay Randolph Ostrom (“Os-trom”), driving his pick-up truck in front of their patrol unit. Ostrom’s vehicle crossed the highway center line by approximately four feet into the oncoming lane, and slowly drifted back into the proper lane of travel. The patrol unit approached Os-trom’s truck and Trooper Harmon activated his emergency lights to effectuate a traffic stop for improper lane usage. The patrol unit’s audio/visual equipment, including the dashboard-mounted camera, automatically recorded the traffic stop.
The defendant, the sole occupant of the truck, stopped the vehicle and slowly got out. Trooper Harmon observed this action and noted defendant’s delayed reaction as indicative of possible impairment or drowsiness. Harmon asked the defendant to approach the patrol unit, observed that | aOstrom’s eyes were bloodshot, and smelled the odor of alcohol on his breath. Ostrom initially denied he had been drinking, but about thirty seconds later, admitted drinking a couple of beers. Harmon directed the defendant to the lighted area in front of the patrol unit to conduct standard field sobriety testing, but Ostrom refused and began walking away. Ostrom remained steadfast in his refusal of any field sobriety testing, but also insisted he did not want the troopers to arrest him. *892 The troopers explained they had no choice except to arrest him unless he could demonstrate his lack of impairment by successfully completing the tests. During this exchange, the troopers noted Ostrom’s speech was also slurred.
The defendant ultimately consented to perform the field sobriety testing, which he failed. The troopers transported Os-trom to the Haughton Police Department. There, he was further advised of his rights for chemical testing, which he refused.
The bill of information charged Ostrom with fourth offense DWI and listed defendant’s three predicate DWI convictions. The prior convictions all occurred in the Twenty-Sixth Judicial District Court and resulted from defendant’s guilty pleas. The convictions as listed in the bill of information were: (1) an April 28, 1999 conviction in Docket No. 95,317; (2) a February 20, 2002 conviction in Docket No. 110,866; and (3) a June 26, 2006 conviction in Docket Number 137,446. Pursuant to a defense discovery request, the state furnished certified copies of the minute entries and transcripts of the guilty pleas and sentencing colloquies for the prior convictions.
_JjThe trial commenced with jury selection on May 2, 2007. A motion to quash the bill of information filed the same day based on a constitutional infirmity in defendant’s most recent predicate conviction (Docket No. 137,446) alleged that Ostrom had not been advised of his right to a jury trial. After argument, the trial court denied the motion to quash.
The trial continued the next day with the taking of evidence and testimony. During its case-in-chief, the state and Os-trom entered an agreed stipulation concerning the existence of the three prior predicate convictions and the defendant’s identity as the same person convicted in those prior cases. Certified copies of minutes for three predicate convictions were admitted into evidence without objection. None of the records for the three convictions list the date of the commission of each of the crimes.
On the third day of trial, after both the state and defense rested but before closing arguments, the defense requested special jury instructions concerning the state’s burden of proving the so-called ten-year cleansing period of La. R.S. 14:98(F), instructing the jury to determine whether “the previous offenses were committed within the ten years prior to the commission of the crime for which the defendant is being tried.” The trial court denied the defense’s request, noting that criminal court minutes for the prior offenses admitted by the parties’ stipulation contained the date of defendant’s arraignment for each offense, permitting the trial court to conclude that the three prior offenses were committed within ten years of the instant offense. The trial court instructed the jury on the other essential elements necessary to find guilt, including the necessity for determination of |4the convictions for the three predicate offenses.
The jury found Ostrom guilty as charged. Thereafter, Ostrom filed a motion for post-verdict judgment of acquittal, arguing that the evidence was insufficient to convict him of DWI, fourth offense. Among other reasons, he argued that the state failed to prove the dates on which the three prior predicate offenses were committed. The trial court denied this motion without hearing.
The trial court sentenced defendant to twelve years’ imprisonment at hard labor, with all but sixty days suspended, the sixty days to be served without benefit of probation, parole, or suspension of sentence. Ostrom was fined $5,000 and further ordered to pay court costs over a two and *893 one-half year period beginning after his incarceration ended. He was also placed on probation for five years with conditions, including one year of home incarceration.

Discussion: Proof of the DWI Cleansing Period

Subsection F of the DWI statute provides for a so-called cleansing period for remote former DWI offenses. The period is ten years, measured by the date of the commission of the prior DWI offense(s) and the time of the present DWI crime for which the defendant is charged. La. R.S. 14:98(F)(2).[1] Predicate DWI offenses committed outside that ten-year |Rperiod cannot be considered for enhancement of the present offense.
Ostrom’s two assignments of error assert that the jury was required to be instructed that the state had the burden of proving that the cleansing period had not elapsed for the three predicate DWI offenses and that the state did not produce sufficient evidence for the determination of the cleansing period because the three dates of Ostrom’s commission of the prior crimes were not established. Though not specifically cited by Ostrom, there are two holdings of the Louisiana Supreme Court which give support to Ostrom’s argument, State v. Williams, 366 So.2d 1369 (La.1978) (in which the court overturned a felon in possession of a weapon conviction), and State v. Mobley, 592 So.2d 1282 (La.1992)(where, in a one-sentence ruling citing Williams, the court held that “[t]he state also bears the burden at trial of negating the cleansing period”). Though Mobley can be argued as directly on point, requiring reduction of the present DWI offense to a first offense DWI, we choose, as set forth below, to limit the undetailed per curiam ruling in Mobley for two reasons-one factual and the other because of the later thorough discussion of the DWI law given by the high court in State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556.
The guide in ascertaining the intent of the legislature is the history of the DWI statute and the related jurisprudence. Prior to Act 189 of 1966, La. R.S. 14:98 did not provide any time limitation for which prior convictions may be considered for multiple-offense DWIs. In State v. Washington, 248 La. 894, 182 So.2d 528 (La.1966), the defendant was charged as a DWI fourth offender and the bill of information listed three prior predicate DWI | ficonvictions, all of which occurred more than six years before the new DWI offense. The defendant argued that the general statute of limitations upon the institution of prosecutions (which at the time required that prosecutions of non-capital offenses be instituted within six years) was applicable and that since all of the predicate convictions occurred more than six years before the institution of the prosecution for the latest DWI offense, the prosecution was time barred under the limitation period. The supreme court held that the time limitation for the substantive offense did not apply to the predicate offenses, and thus, there was no time limita *894 tion for use of predicate DWI offenses. Id. In reaching its decision, the court stated:
Prior convictions do not constitute a material ingredient of the crime with which defendant was charged in the instant case or form any part of the act for which the defendant is being prosecuted. The accused is being prosecuted, and may be tried and punished, not for the previous offenses, but for the last offense, though the punishment for this last offense is enhanced because of the previous convictions.
Id. at 182 So.2d at 529 (citations omitted).
Shortly after Washington was decided, the Louisiana legislature added the precursor to La. R.S. 14:98(F)(2), amending La. R.S. 14:98 to provide that any offense under this statute committed more than five years prior to the commission of the crime for which the defendant is being tried shall not be considered in the “assessment of penalties hereunder.” The title of Act 189 states that its purpose is “to provide a limitation period for the prosecution of the offense.... ” 189, 1966 (emphasis added).
The next important case discussing the predicate offense in a multiple-offense DWI setting is State v. Montgomery, 250 La. 326, 195 So.2d 285 (1967). There, the defendant questioned the sufficiency of the state’s affidavit which charged him by listing the details of the specific occurrence and merely stating the words, “Second Offense.” The identification of the predicate conviction therefore was not listed. The court reversed the conviction and remanded for resentencing the defendant as a first DWI offender. The court repeated the view of Washington that the prior conviction was not a “material ingredient” or element of the crime, but found that a more specific identification of the prior conviction must be alleged in the bill of information or indictment. Such allegations, according to the court, were required by Article 483 of the Code of Criminal Procedure[2] and were also necessary, among other reasons, “for a determination of whether any or all of the prior convictions were too remote in time to be used for enhancement of the penalty.” Id. at 195 So.2d 287.
Article 483’s requirements for “the fact, date and court of conviction” as information in the indictment do not include the date of the commission of the prior offense by which the cleansing period for multiple-offense DWI violations is specifically determined. In fact, in another ruling, the supreme court has also said, citing La. C.Cr.P. art. 468, that the date of the present DWI offense need not be alleged in the indictment. State v. Hernandez, 410 So.2d 1381 (La.1982). Thus, for charging purposes, the courts have held that only the requirements of Article 483 are necessary in the bill of information or indictment for multiple-offense DWI prosecutions, and the |sdates of the present and prior offenses from which the cleansing period can be calculated are unnecessary. State v. Sanmiguel, 626 So.2d 957 (La.App. 3d Cir. 1993) and State v. Chapman, 625 So.2d 1351 (La.App. 3d Cir.1993), writ denied, 634 So.2d 402 (La.1994). The required information identifying the prior conviction alone gives the defendant enough information to challenge whether the predicate offense is too remote because it was committed more than ten years before the present offense.
*895 With this law regarding the required information for the indictment, any issue of timeliness related to the cleansing period might be handled like a challenge of an untimely prosecution, usually in advance of trial, in the manner set forth under La. C.Cr.P. art. 577. That article states that “the state shall not be required to allege facts showing that the time limitation has not expired, but when the issue is raised, the state has the burden” of proof, which, by analogy in this case, would apply to the cleansing period.
This suggested analogous approach for a resolution of the matter in the burden-shifting procedure of Article 577 was not chosen by the supreme court in 1978, however, in State v. Williams, supra, which addressed proof of the ten-year cleansing period for a prior felony conviction in the prosecution of a felon in possession of a firearm. The court placed the burden of proof wholly on the state as an element of the offense, and the defendant’s conviction was reversed.
As emphasized in Williams, one important distinction regarding the crime of a felon in possession of a weapon is that its cleansing period requires a determination of a ten-year period between the defendant’s date |9of “completion of sentence, probation, parole or suspension of sentence” and the time of the present posses-sory offense. The court stated that the “comparative ease with which the state can prove the date of termination of defendant’s sentence,” as opposed to the difficulty the defendant might encounter, was an important consideration in placing the burden of proof on the state. The court concluded:
For these reasons we hold that the trial judge erred in failing to charge the jury that the state had the burden of proving that the cleansing period had not elapsed, as an element of the offense proscribed by R.S. 14.95.1.
Id. at 1375.
While the ruling in Williams may appear to cast doubt on the rationale employed in Washington and Montgomery as to the recidivist portions of the multiple-offense DWI law, it was not a ruling on the DWI statute, and the stated policy concern in Williams, proof of the time of the completion of defendant’s sentence, is absent under the DWI statute. Once the state alleges and proves the fact of a prior DWI conviction, the date of commission of that crime is known or easily determinable by the defendant. Most significant, possession of a firearm is not an independent crime in the absence of one’s status as a prior convicted felon. Therefore, Williams is entirely correct in the view that one’s continuing status for responsibility of a recent felony is a necessary element of the offense for felon in possession of a weapon. It is not a recidivist element apart from the completed crime, but one of the status of the defendant, making an otherwise lawful act a crime. To the contrary, the present offense DWI is a crime regardless of any recidivist enhancement resulting from prior convictions. The Williams |inruling therefore does not contradict the Washington/Montgomery view that a predicate conviction is not a “material ingredient” or element of the present DWI offense.
The case of State v. Mobley, supra, did involve a multiple-offense DWI committed in 1988, when the cleansing period was five years. From the facts of the prior convictions listed in the opinion of the court of appeal, the earliest predicate offense resulted in a conviction on May 11, 1984, over four years prior to the commission of the primary DWI offense in July, 1988. State v. Mobley, 568 So.2d 1368, 1377 (La. App. 1st Cir.1990). The bill of information *896 for that prior offense listed the commission date of the crime as March 31, without specifying the year. Considering the time limitations for the institution of prosecutions on non-capital offenses under La. C.Cr.P. art. 572 and La.C.Cr.P. 701, the court of appeal in Mobley correctly found that the’ 1984 conviction could have pertained to an offense committed more than five years before the 1988 primary offense, and was therefore too remote for enhancement of punishment.
Ostrom’s earliest conviction in this case occurred in April 28, 1999, which coincided with the arraignment which was waived. Because such a misdemeanor charge was punishable by imprisonment at all relevant times, in that matter the prosecution had to be instituted within two years of the commission of the crime. La.C.Cr.P. art. 572(A)(3). Also, La.C.Cr.P. art. 701 required that the bill of information be filed no later than ninety days after the misdemeanor arrest and that the arraignment be held within thirty days of filing of the bill. Absent any evidence to the contrary, the crime was l^clearly committed after October 28, 1996 (ten years preceding the date of the current offense). The same rationale is equally applicable to Ostrom’s other, more recent predicate offenses.
Thus, comparing the present case to Mobley, the state’s evidence of the prosecution of a prior conviction in Mobley patently revealed a flaw that could allow for the conclusion that the predicate offense was remote and committed outside the then-applicable five-year period. Nothing in the present evidence regarding Os-trom’s prior convictions suggests such remoteness, and the legal conclusion can be reached that each predicate offense was committed within ten years before the present offense. Therefore, there was nothing patent on the record from the state’s evidence or established by the defense evidence that raised the issue to a level requiring specific proof by the state of the actual commission date of a predicate offense.
Such burden shifting for proof of the recidivist elements of the multiple-offense DWI was the issue addressed by the Louisiana Supreme Court in State v. Carlos, supra. Though the particular issue concerned the state’s proof of compliance with Boykin[3] at the time of a guilty plea for a predicate offense, the court presented a significant discussion of the Washington/Montgomery “material ingredient of the crime” analysis. Moreover, the ultimate ruling in Carlos was that the state need not present the so-called “perfect” transcript of Boykin compliance for a guilty plea conviction in a predicate DWI offense. Once the state met an initial burden |12of proof regarding a predicate offense, the defendant was required to produce affirmative evidence showing an infringement of his rights in the taking of the plea for the predicate offense. As explained above, there is nothing in this record that casts doubt on the legal conclusion that Ostrom’s predicate offenses were committed timely within the ten-year period. Therefore, if the prior offenses are not actual elements of the primary crime of DWI, as Carlos continues to suggest, the state’s evidence of the timeliness of the prior recidivist convictions should not be found lacking in this case.
The supreme court in Carlos, made the following observation about certain mixed expressions in the court’s former rulings on multiple-offense DWI:
We note that prior jurisprudence from this Court has deemed predicate convictions used in multiple offender DWI prosecutions as both “essential ele *897 ments” of the offense that must be proved by the State beyond a reasonable doubt, City of Monroe v. French, 345 So.2d 23, 24 (La.1977); State v. Krause, 405 So.2d 832, 833 (La.1981), and as essential averments that do not constitute a “material ingredient” of the crime, State v. Montgomery, 250 La. 326, 195 So.2d 285, 287 (1967); State v. Washington, 248 La. 894, 182 So.2d 528, 529 (1966). See State v. Mobley, 592 So.2d 1282 (La.1992) (per curiam) (recognizing the apparent conflict in our jurisprudence on the issue of whether the recidivist portions of the DWI statute constitute “essential elements” of the crime).
Id. at 558. Notably, the cases cited in this observation examined different aspects of the predicate offenses. City of Monroe v. French, supra, dealt with the level of proof required of the state in showing that the accused is in fact the same person as the defendant previously convicted. The state’s offered proof that a person of the same name was the subject of the prior 1 ^conviction did not constitute sufficient evidence that the two persons were one and the same. The same burden of proof is required of the state under the habitual offender law and routinely satisfied by different means, including the testimony of witnesses, expert testimony as to the fingerprints of the accused compared to those in the prison record or proceedings for the prior conviction, or by photographs contained in the duly authenticated record. State v. Mays, 05-2555 (La.5/26/06), 929 So.2d 1231; State v. Gray, 41,732 (La. App.2d Cir.1/10/07), 948 So.2d 335. In State v. Krause, supra, the state neither alleged nor proved at trial a prior conviction. Therefore, Krause followed the ruling in Montgomery, even though the court used language characterizing the predicate offense as an essential element of the crime.
The Carlos court continued with its examination of the jurisprudence and the recidivist features of the DWI statute as follows:
Indeed, in Montgomery, this Court reasoned that prior DWI convictions do not constitute a material element of the crime charged or form any part of the act for which the defendant is being prosecuted. 182 So.2d at 529. Rather, “[t]he accused is being prosecuted, and may be tried and punished, not for the previous offenses, but for the last offense, though the punishment for this last offense is enhanced because of the previous convictions.” Id. Thus, it appears that the Court in French and Krause departed from the long-held view, expressed in Montgomery and its progenitors, that prior convictions do not form part of a DWI offense, but rather the sentencing mechanism, which affects the State’s burden of proof with regard to the prior convictions. Considering that the present interpretation holds the recidivist provisions to be “elements” of the DWI statute, [FN2] however, it is clear that the burden rests on the State to prove at trial, beyond a reasonable doubt, the existence of the prior convictions and the defendant’s identity as the prior offender, when charging a second, third, or subsequent offense.
| uId. at 738 So.2d 558-559. In the important footnote within the above concluding sentence, the court observed:
In this proceeding, we do not find it necessary to resolve the issue of whether the recidivist portions of the DWI statute constitute “elements” of the crime of DWI.
When we consider the Carlos ruling and all of the other ■ jurisprudence for the charging and proof of multiple- *898 offense DWI, we find by analogy that a bnrden-shifting rule like that in Carlos and the similar rule of La.C.Cr.P. art. 577 should apply for a defense challenge of the timeliness of a predicate offense. The predicate offense is for enhancement only, and is not essential to make the defendant’s actions in the primary offense criminal conduct. An allegation in the indictment or information on the predicate conviction is essential, and its identification as timely occurring within the ten years before trial is all that is required for charging the defendant. According to the jurisprudence, there is no requirement for alleging the date of the predicate’s commission. In a corresponding manner, the state’s proof at trial of the conviction beyond a reasonable doubt is required in the same manner as any element of the primary DWI offense. Yet, once the conviction is proven along with the accused’s identity as the prior offender and that evidence indicates the commission of the predicate offense within the past ten years, the defendant should specifically raise any issue of timeliness in a pre-trial motion or with evidence at trial challenging the remoteness of the commission of the predicate offense.
These views are based upon the “long-held view” of Washington/ Montgomery which the supreme court acknowledged in Carlos. Since the |! ¡¡predicate offense is not a “material ingredient” or element of the criminal DWI conduct upon which the accused’s present arrest and prosecution are based, the state should not be required to prove the commission dates of the predicate offenses when the proven conviction dates for those crimes are well within the applicable ten-year period. The Carlos ruling and discussion of these principles indicate to us that the factually distinguishable, per curiam ruling in Mobley does not apply in this instance.[4]
Accordingly, we find no merit in the defendant’s assignments of error concerning the burden of proof of the commission dates of the three predicate DWI offenses in this case. The jury was not required to factually determine those dates, and the defendant never challenged the timeliness of the convictions used for enhancement of his sentence.

Decree

For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. La. R.S. 14:98(F)(2) provides: "For purposes of this Section, a prior conviction shall not include a conviction for an offense under this Section or R.S. 14:32.1 or R.S. 14:39.1 or under a comparable statute or ordinance of another jurisdiction, as described in Paragraph (1) of this Subsection, if committed more than ten years prior to the commission of the crime for which the defendant is being tried and such conviction shall not be considered in the assessment of penalties hereunder. However, periods of time during which the offender was incarcerated in a penal institution in this or any other state shall be excluded in computing the ten-year period. Subsections B and C shall include a screening procedure to determine the portions of the program which may be applicable and appropriate for individual offenders.”

. La.C.Cr.P. art. 483 (formerly La. R.S. 15:242 at the time of State v. Montgomery, supra) provides, in pertinent part: "If it is necessary to allege a prior conviction in an indictment, it is sufficient to allege the name or nature of the offense and the fact, date, and court of the conviction.”

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. The Mobley ruling is discussed in Louisiana’s Civil Law Treatise on Criminal Jury Instructions, in which the authors conclude that any question concerning the lapse of the cleansing period should be an issue for the trial court “as a question of law." Cheney C. Joseph, Jr. & P. Raymond Lamonica, 17 Louisiana Civil Law Treatise, Criminal Jury Instructions and Procedures, § 10.98 (2d ed.2003) (emphasis in original).