MURPHY, Judge.
| gDefendant Erlich Joel Rosales appeals his conviction for driving while intoxicated (DWI), third offense, pursuant to a Crosby[1] guilty plea, which preserved his right to contest the trial court’s denial of his motion to quash his first predicate DWI conviction. For the reasons that follow, we affirm his conviction and sentence as amended for third offense DWI and remand the matter to the trial court for correction of an error patent as noted herein.
FACTS[2] AND PROCEDURAL HISTORY
On June 17, 2010, the Jefferson Parish District Attorney filed a bill of information charging defendant, Erlich Joel Rosales, with DWI, third offense, in violation of La. R.S. 14:98(E). The bill of information in 24th JDC Case No. 10-8034 alleges that defendant had two prior convictions for DWI. The first predicate conviction alleged was on June 12, 2003, in case number F1436651 in First Parish Court, Division “B,” in Jefferson Parish. The second predicate conviction alleged was on March 3, 2009, in case number 539311 in the 29th Judicial District Court, Division “E,” in St. Charles Parish. Although defendant did not appear at the arraignment on June 30, 2010, a plea in absentia of not guilty was entered on his behalf.[3]
Thereafter, on September 24, 2010, defendant filed a “Motion to Quash Predicates with Memorandum.” In that motion, defendant argued that he was a “non-national” with a limited understanding of the English language. He further argued that he did not have a translator present in either predicate proceeding and that he was not notified in either case “of the immigration consequences that the predicates would initialize.”
*1287 On September 29, 2010, a hearing was held on the motion to quash. On December 1, 2010, defendant’s motion to quash was granted, and the State orally moved for an appeal. On December 8, 2010, the State filed a 'written motion for appeal, which was granted on the same date. State v. Rosales, 11-674 at p. 3 (La.App. 5 Cir. 4/24/12), 94 So.3d 36, 39. On appeal, the State asserted that the trial judge erroneously granted the motion to quash. This Court reversed the trial judge’s granting of the motion to quash, finding that the two predicate convictions were not constitutionally infirm and both could be used for enhancement purposes. Rosales, 11-674 at 21, 94 So.3d at 49.
On February 13, 2013, defendant filed another motion to quash predicate number one raising an additional ground. The State subsequently filed an opposition to the motion to quash. On March 25, 2013, defendant filed a reply to the State’s opposition. On April 1, 2013, the trial judge denied the motion to quash after a hearing. Defendant filed a writ application with this Court on April 16, 2013, challenging the trial judge’s ruling. On May 8, 2013, this Court denied the writ application. State v. Rosales, 13-K-321 (La.App. 5 Cir. 5/8/13) (unpublished writ disposition).
On May 29, 2013, defendant entered a plea of no contest under State v. Crosby,[4] to third offense DWI and was sentenced to imprisonment at hard labor for five years, with one year of the sentence to be served without benefit of parole, probation, or suspension of sentence. The trial judge ordered four years of the sentence to be suspended, and he placed defendant on active probation for five years. He also ordered that defendant pay a fine of $2,000.00.
On June 11, 2013, defendant filed a timely motion for appeal that was granted.

LAW AND DISCUSSION

In related assignments of error one and two, defendant contends that the trial court erred in denying defendant’s motion to quash predicate number one where, defendant, a non-native speaker, was denied his fundamental right to a sworn-in interpreter, resulting in a violation of his Boy-kin[5] rights; and that the trial court erred in denying defendant’s motion to quash predicate number one where defendant was denied his fundamental right to an interpreter because the interpreter did not communicate to him the contents of the Boykin colloquy. As an additional ground, he argues that his lack of counsel prejudiced his rights.
The State responds that this Court has already considered and denied defendant’s arguments regarding the absence of a sworn-in interpreter and the interpreter’s failure to communicate to him the Boykin colloquy in case number 13-K-321, and that his conviction, therefore, should be affirmed based on the “law of the case” doctrine. The State notes that defendant has not presented any new | ¡-.evidence to indicate that this Court’s previous ruling was patently erroneous or produced unjust results. Additionally, the State asserts that defendant’s new arguments regarding his lack of counsel in predicate number one were not raised in the court below and are therefore waived. Alternatively, the State submits that defendant has failed to demonstrate that the trial judge’s ruling was erroneous.
In his reply brief, defendant responds that the “law of the case” doctrine is inap *1288 plicable to this appeal and that his arguments should be subject to de novo review. He contends that although he did not proceed to trial, his situation has been greatly altered since the denial of his writ application in that he has now been convicted of third offense DWI. Defendant further contends that in light of his no contest plea, this Court’s prior ruling produced an unjust result. Additionally, defendant asserts that he raised the issue regarding his lack of counsel in his reply to the State’s opposition to his motion to quash.
The record reflects that on February 13, 2013, defendant filed his second motion to quash entitled, “Motion to Quash Predicate # 1,” wherein he raised the same two issues that he now raises on appeal. On April 1, 2013, the trial judge denied the motion after a hearing. Defendant filed a writ application with this Court on April 16, 2013, challenging the trial judge’s ruling. On May 8, 2013, this Court denied the writ application, stating in pertinent part:
After reviewing the writ application, exhibits, and the applicable law, we find that defendant has failed to show any prejudice resulting from the failure to swear in the interpreter. Defendant does not challenge the accuracy of the translations by identifying potentially material mistakes or irregularities in the interpretation, nor does he claim that the interpreter engaged in unlawful conduct; rather, defendant merely alleges that the interpreter was not sworn in. This Court has already found that after reviewing the transcripts of the predicate proceedings, there was no indication that defendant did not understand the proceedings, and the transcripts did not reflect any demonstration of difficulty in understanding English or any of the proceedings. Rosales, 11-674 at 19, 94 So.3d at 48. (Emphasis added).
| ^Defendant also argues in this writ application that the first predicate conviction must be quashed because the record does not demonstrate that the interpreter communicated his Boykin rights to him. He contends that there was nothing to indicate Mr. Reyes actually functioned as a translator for him as required under La.C.Cr.P. art. 25.1(A).
Defendant has not attached a transcript or any other exhibits to his writ application which support his contention that the record does not demonstrate that the interpreter communicated his Boykin rights to him. Further, this Court has previously found that defendant was informed of his Boykin rights and waived them, that the transcripts did not show any difficulty in understanding English or any of the proceedings, and that the two predicate convictions were not constitutionally infirm and could be used for enhancement purposes. Rosales, 11-674 at 14, 21, 94 So.3d at 45, 49.
In light of the foregoing, we find that the trial judge did not err by denying the motion to quash. Accordingly, this writ application is denied.
State v. Rosales, 13-K-321 (La.App. 5 Cir. 5/8/13) (unpublished writ disposition).
The prior denial of supervisory writs does not preclude reconsideration of an issue on appeal, nor does it prevent the appellate court from reaching a different conclusion. State v. Castleberry, 98-1388, p. 5 (La.4/13/99), 758 So.2d 749, 755, cert. denied, 528 U.S. 893, 120 S.Ct. 220, 145 L.Ed.2d 185 (1999). The “law of the case” doctrine as applied to writs and appeals is discretionary and in this case need not even be reached.
A trial court’s qualification of an interpreter will not be overturned absent manifest error. Thongsavanh v. Schexnayder, 09-1462 (La.App. 1 Cir. 5/7/10), 40 *1289 So.3d 989, writ denied, 10-1295 (La.9/24/10), 45 So.3d 1074.
The Louisiana Code of Evidence subjects interpreters to the provisions of the evidence code relating to experts. La. C.E. art. 604. The Code further requires that expert testimony assist the trier of fact. La. C.E. art. 702. A defendant, who can understand and express himself in English, renders an interpreter gratuitous as the interpreter cannot assist the judge in understanding the evidence or to 17determine a fact at issue. One of the goals of the evidentiary articles is to secure efficiency in administration of the law. La. C.E. art. 102. An interpreter for an English-speaking defendant would be the height of inefficiency.
This practical element of necessity is found in the plain language of related statutes.[6] For instance, La. R.S. 15:270, last amended in 1989, relating to interpreters for deaf or severely hearing-impaired persons, begins thusly: (B)(1) “In any case where an interpreter is required to be appointed by the court under this Section .... ” (Emphasis added). A parallel civil provision, last amended in 1995, contains similar language: “[i]n any case in which an interpreter is required....” La. C.C.P. art. 192.1 (Emphasis added).
In the ruling at issue, defendant contends that the trial court erred in failing to quash predicate number one entered into in the absence of a sworn interpreter in violation of his fundamental rights. A review of the transcript of the first predicate conviction indicates that defendant was answering questions in English and was therefore proficient in the English language. Simply put, an interpreter here was not necessary to defendant’s understanding of the proceeding. Whether the unnecessary interpreter took an oath is moot as to defendant’s understanding, and defendant is therefore unable to show any infringement of his rights. Whether the | ^interpreter was sworn or unsworn, the trial court did not abuse its discretion in accepting defendant’s plea in predicate conviction number one.[7]
It is noted that in this second appeal, defendant makes an additional argument, namely, that his lack of counsel in predicate number one prejudiced his rights. The State contends that this is a newly-presented issue that should not be considered on appeal. However, defendant alludes to this issue in his reply to the State’s opposition to his motion to quash, wherein he argued that his waiver of counsel was meaningless absent proper transla *1290 tion. The issue of whether defendant’s waiver of counsel was valid, although not raised previously, was addressed by this Court in the State’s first appeal. After an extensive discussion, this Court found that the State met its burden of showing the knowing, intelligent, and voluntary nature of the waiver of counsel under the totality of the circumstances. State v. Rosales, 11-674 at 16, 94 So.3d at 46.
On review of defendant’s first predicate conviction, and not relying on the law of the case doctrine, we find that defendant was informed of his Boykin rights and waived them. The State met its burden of showing the knowing, intentional, and voluntary waiver of counsel under the totality of circumstances. Based on the foregoing discussion of defendant’s understanding and his English language proficiency, we find that defendant has failed to produce evidence showing infringement of his rights in taking the predicate plea.
In light of the foregoing, we find the trial court did not err in denying defendant’s motion to quash predicate number one. Accordingly, we affirm defendant’s conviction.

\ .ERRORS PATENT DISCUSSION

The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals one error patent that requires correction.
The trial judge sentenced defendant to five years imprisonment at hard labor, with all but the first year suspended and with that first year to be served without benefit of parole, probation, or suspension of sentence. The trial judge also ordered that upon his release, defendant would be placed on five years probation, with special conditions. However, the sentencing provision for third offense DWI states that if any portion of a defendant’s sentence is suspended, he shall be placed on supervised probation for a period of time equal to the remainder of the sentence of imprisonment, which probation shall commence on the day after the offender’s release from custody. See La. R.S. 14:98(D)(l)(a). Therefore, the imposed five-year probation term after defendant’s release from custody exceeds the statutory authority by one year.
An appellate court is authorized to correct an illegal sentence pursuant to La. C.Cr.P. art. 882(A), when the sentence does not involve the exercise of sentencing discretion by the trial court. See State v. Haynes, 04-1893 (La.12/10/04), 889 So.2d 224 (per curiam). The correction of this error does not involve sentencing discretion, as defendant’s term of probation is mandatory based upon the term of his suspended sentence. We therefore amend defendant’s sentence to reflect that his term of probation is four years after his release from custody, with the same special conditions imposed by the trial court. See State v. Carpenter, 12-1977, 2013 WL 2484672 at *4 (La.App. 1 Cir. 6/7/13) (unpublished opinion).[8] The matter is remanded to the trial court for correction of an error patent as noted herein, and the Clerk of Court for 24th Judicial District Court is ordered to transmit the original of the corrected Uniform Commitment Order to the officer in charge of the institution to which defendant has been sentenced and to the Department of Corrections’ Legal Department.

*1291
DECREE

For the reasons assigned herein, we affirm defendant’s conviction and sentenced as amended for third offense DWI and remand the matter for correction of the commitment consistent with the amendment of sentence.

CONVICTION AND SENTENCE AFFIRMED AS AMENDED; REMANDED FOR CORRECTION OF COMMITMENT.

. State v. Crosby, 338 So.2d 584 (La.1976).

. The limited facts were set forth in defendant’s first appeal. State v. Rosales, 11-674 (La.App. 5 Cir. 4/24/2012), 94 So.3d 36.

. Without objecting to his lack of presence and proceeding, defendant waived any irregularity. See State v. Duplechin, 05-726 (La.App. 5 Cir. 1/31/06), 922 So.2d 655, writ denied, 06-475 (La.9/22/06), 937 So.2d 378.

. Snpranotel.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. After the 2003 hearing at issue, the Legislature enacted La.C.Cr.P. art. 25.1, pertaining to the appointment of an interpreter for non-English-speaking persons. The article provides in pertinent part:
(A). If a non-English-speaking person who is a principal party in interest or a witness in a proceeding before the court has requested an interpreter, a judge shall appoint, after consultation with the non-English-speaking person or his attorney, a competent interpreter to interpret or to translate the proceedings to him and to interpret or translate his testimony.
Acts 2008, No. 882, § 2. This article requires the appointment of an interpreter upon request, but it also requires that the requesting party not be an English speaker. This later article mirrors the standard already in place at the time of defendant’s first predicate conviction in 2003.

. Although mooted by his understanding of English, defendant additionally did not contemporaneously object to his lack of a sworn interpreter. State v. Nguyen, 10-483 (La.App. 3 Cir. 2/2/11), 55 So.3d 976, writ denied, 11-285 (La.6/17/11), 63 So.3d 1038 (based on contemporaneous objection rule, La. C.E. art. 103(A), a party failing to object to appointment of interpreter at trial may not challenge appointment on appeal).

. It is noted that this case is published on the First Circuit’s website and, therefore, may be cited as authority despite the fact it is not designated for publication. See State in the Interest of S.L., 11-883, p. 2 (La.App. 5 Cir. 4/24/12), 94 So.3d 822, 827 n. 2; La. C.C.P. art. 2168.